# In the
# UNITED STATES COURT OF APPEALS
# For the FIFTH CIRCUIT

—----------------------------

**CASE NO.**

—----------------------------

*In Re:* **LORENZO LEWIS**
*Petitioner/Appellant.*

**LORENZO LEWIS,**
    *Petitioner/Appellant,*

                  **ARB NOS. 25-0037,0039, 0051**

**vs.**                  **ALJ NO. 2024-STA-00042**

**UNITED STATES DEPARTMENT OF LABOR**
**and DeepWell Energy Services, LLC,**
    *Respondents/Appellees.*

- - - - - - - - - - - - - - -

## APPELLANT'S PETITION FOR INTERLOCUTORY REVIEW
## OF THE UNITED STATES LABOR DEPARTMENT'S
## COLLATERAL FINAL DETERMINATION AND, ALTERNATIVELY,
## REQUEST FOR ISSUANCE OF WRIT OF MANDAMUS

**FOUR QUESTIONS PRESENTED UNDER PETITION FOR REVIEW:**

1.      Upon submission of Respondent's unsworn declaration-in-opposition to Petitioner's submitted summary-decision motion, did the ALJ clearly abuse his discretion when denying the Petitioner's timely request for leave to submit his objections and evidentiary reply to said opposition, pursuant to F.R.C.P. 56(c), (h) and 29 C.F.R. § 18.72(c), (h) ?; and

2.      If so, does the ALJ's abuse of discretion, to also encompass the refusal to accept as a "filing" in the case Petitioner's submission of evidence to prove-up Respondent's bad faith, represent a *manifest injustice* that would likely operate to unlawfully deny to Petitioner the summary decision procedural right to have the Labor Department's proceedings truncated and procession to damages assessments ?; and

3.      If so, does the collateral-order doctrine provide for immediate appellate review of this matter before final Agency decision and order are issued in this case ?; or, alternatively,

4.      If not, under 5 U.S.C. §§ 702-706 and 28 U.S.C. § 1651, and in light of the case's unique factual scenario, would judicial efficacy and the ends of justice warrant the Court of Appeals' issuance of a writ of mandamus to secure clear, indisputable procedural rights under F.R.C.P. 56(c) / 29 C.F.R. § 18.72(c) as no other adequate remedy at law is available to Petitioner to secure said procedural rights ?

**INTERESTED PARTIES TO THIS SUIT:**

1. MR. LORENZO LEWIS, Petitioner
  2584 Fountain CV
  Carrollton TX  75006
  (469) 400-6890
  *lorenzolewis1967@gmail.com*

2. MS. AMY E. DAVIS, Counsel of Record for Respondent-company
  Texas Bar No. 24007083
  Law Center of Amy E. Davis
  1201 N. Bishop Ave.
  Dallas TX  75208
  (214) 838-3501
  *adavis@cdfirm.com*

3. OSHA Director of Whistleblower Programs
  U.S. Department of Labor, OSHA
  Rm. N. 4618 FPB
  200 Constitution Ave. NW
  Washington DC  202010
  *OSHA.DWPP@dol.gov*

4. OSHA - Texas Region 6 Solicitor (Dallas)
  A. Maceo Smith Federal Bldg.
  525 Griffin St., Ste. 501
  Dallas TX  75202
  *R6.11c.OSHA@dol.gov*

5.    Office of Administrative Law Judges
      ℅ Chief Administrative Law Judge
      U.S. Department of Labor
      800 K Street NW, Suite 400 N.
      Washington, D.C. 20001-8002
      *OALJ-Filings@dol.gov*

6.    Office of the U.S. Labor Dept's Administrative Review Board
      ℅ Clerk of the Appellate Boards
      200 Constitution Ave., N.W., Rm. S-5220
      Washington DC  20210
      Served through ARB's e-File System:  *https://efile.dol.gov*

7.    Office of Administrative Law Judges
      ℅ **Honorable Judge John M. Herke**, Presiding ALJ
      U.S. Department of Labor
      5100 Village Walk, Suite 200
      Covington, LA. 70433
      *OALJ-Covington@dol.gov*

—    —    —    —    —    —    —    —    —    —    —    —    —

The first-party Respondent to the above numbered and encaptioned cause is **the United States Labor Department, by and through its Administrative Review Board (herein "Agency"),** with primary offices located at 200 Constitution Ave., NW, RM. S-5220, Washington, DC 20210.  And the underlying Respondent is **DeepWell Energy Services, LLC (U.S. DOT#: 115518, MC#: 135861)** a national oilfield services company with primary offices located at 4025

State Hwy 35 N., Columbia MS 39429, and being represented by **Ms. Amy E. Davis**, Esquire, <u>Texas State Bar License No. 24007083</u>, with an office in Dallas TX at the above referenced address. The Petitioner in the above action is **Mr. Lorenzo Lewis**, representing himself, and residing in Carrollton TX at the above referenced address. This petition is submitted within the context of the Agency's summary judgment / summary decision proceedings (herein "SDP")[1] and under direct guidance from the United States Supreme Court to litigants under the same or similar circumstances as those presented by the case *sub judice*. See <u>*Mohawk Indus., Inc. vs. Carpenter*</u>[2].

---

[1] The Agency has previously ruled that the summary-decision standard of review under 29 C.F.R. § 18.72 is the same standard as that utilized by federal courts during summary-judgment proceedings under Federal Rules of Civil Procedure (herein "FRCP"), Rule 56. See <u>*Farrar vs. Roadway Express, Inc.*</u>, ARB No. 06-003, ALJ No. 2005-STA-0046, slip op. at 6 (ARB Apr. 25, 2007) (*"The standards for granting summary decision in our cases is essentially the same standard governing summary judgment in the federal courts."*).

[2] 558 U.S. 100, 109, 130 S.Ct. 599 (2009)(*"Second, in extraordinary circumstances—i.e., when a disclosure order amounts to a judicial usurpation of power or a clear abuse of discretion, or otherwise works a manifest injustice—a party may petition the court of appeals for a writ of mandamus."*), (hyphens in original, internal alterations and quotation marks omitted).

## I.  JURISDICTIONAL STATEMENT

It is herein urged that the United States Court of Appeals for the Fifth Circuit has proper jurisdiction to review this matter under 28 U.S.C. § 1292(b), the Surface Transportation Assistance Act, 49 U.S.C. § 31105(d), and the Administrative Procedures Act, 5 U.S.C. §§ 702-706.  See *TRA - Restaurant Law Center vs. U.S. DOL*, Case No. 23-50562 (5th Cir. [Tex] 2024)(*"The Administrative Procedures Act requires us to hold unlawful and set aside agency actions that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"*) at 2, *quoting* 5 U.S.C. § 706(2)(A).  It is also acknowledged that although the All Writs Act, 28 U.S.C. § 1651(a), does not itself confer federal court jurisdiction, the statute does provide for a court useful tools to enforce its jurisdiction once properly determined – to include the issuance of the *writ of mandamus*.  See *In re Dean*, 527 F.3d 391, 394 (5th Cir. [Tex] 2008).

## II.  CASE SUMMARY AND INTRODUCTION

### A.  Underlying Case Factual Summary.

This case consists of a straightforward whistleblower claim arising under the Surface Transportation Assistance Act of 1982 ("STAA"), Title 49 U.S.C. § 31105, and the implementing regulations promulgated at 29 C.F.R., Part 1978.  The

presented facts of the case are thoroughly documented, undisputed and/or cannot be genuinely disputed:

Petitioner, a formally trained and experienced commercial motor vehicle ("CMV") operator with over 2 years CMV driving experience at the time of his employment was hired by the Respondent-company to operate a truck-tractor with *Conestoga*-flatbed trailer in tow to haul dangerous hazardous materials ("HAZMAT") in interstate commerce, i.e., oilfield explosives along with corresponding detonator charges.[3]

The employment began on June 19, 2023; and said employment ended shortly, abruptly thereafter on July 11, 2023, after Complainant had submitted both verbal and written objections to his purported company trainer and management regarding company failures to abide by Federal Motor Carrier Safety Administration ("FMCSA") and U.S. Department of Transportation ("DOT")

---

[3]
 Federal statutory law defines **hazardous materials** to mean *"a substance or material that the Secretary of Transportation has determined is capable of posing an unreasonable risk to health, safety, and property when transported in commerce, and has been designated as hazardous under section 5103 of Federal hazardous materials transportation law (49 U.S.C., § 5103)."* See 49 C.F.R. § 105.5(b) - <u>Hazardous materials</u>. **See 49 C.F.R., § 173.50 Class 1 - <u>Definitions</u>.**

HAZMAT regulations during operations on several different occasions predating the July 11th-termination date. ***See OALJ Case No. 2024-STA-00042, Petitioner's Second Revised Motion For Summary Decision (herein "MSD") at 6-10.*** Relevant evidence discovered thus far during the SDP reveals that Respondent-company had been essentially attempting to groom the Petitioner to be a routine violator of FMCSA/DOT regulations and had abruptly fired him <u>*only after*</u> Respondent saw that Petitioner would not go along with their unlawful business practices. ***Ibid.***

Petitioner has presented during the SDP that he observed Respondent's regular course of business operation was to invariably violate FMCSA hours-of-service ("HOS") mandates, vehicle-maintenance / inspection mandates ("VMI"), and DOT regulations governing the transport of HAZMAT in interstate commerce; and, upon hearing and receiving said objections raised by Petitioner along with the required increase in expenditures for DOT safety-compliance mandates, named **Respondent-company employees (William "Billy" Raley, Audwin "AC" Chambers, and Ronald Ray Hastings, Jr.)** conspired and operated pretextually to have the employment relationship ended.

Such activity on the part of the Respondent-company through its employees amounted to unlawful retaliation and the resultant actionable claims being asserted under the aforesaid STAA.[4]


## B.    Introductory Statement.

Pursuant to the above asserted statutory jurisdiction, and the Federal Rules of Appellate Procedure (herein "FRAP'), Rules 5, 15 and 21, Petitioner submits this petition for interlocutory review (herein "PFR") of the federal Agency's *collateral final determination* and/or, alternatively, he requests extraordinary relief in this matter by way of *writ of mandamus* issued to the Agency by and through its ARB, and specifically to the presiding Administrative Law Judge (herein "ALJ") in the instant case, **Honorable John M. Herke**.  Such PFR is presented because the record in the instant case will show that said ALJ has clearly abused his discretion under recent ARB summary-decision precedent when denying

---

[4]

The most egregious of Respondent's regulatory violations was to require that Petitioner along with a purported "trainer", as a driver-team, transport over 325 pounds of unsecured explosives inside of the tractor's sleeper-berth during a round-trip customer delivery that exceeded 2700 miles.  ***MSD at 8 and n.5.***  From this one DOT/HAZMAT violation spawned many others - which formed the basis of many of Complainant's complaints in this case.  Complainant was able to get Respondent to formally *admit* to this occurrence during discovery proceedings, pursuant to 29 C.F.R. § 18.63.  ***See MSD, attached EXHIBIT E:  Admission No. 10.***

Petitioner's timely leave-request to submit proffered procedural objections and an evidentiary reply, pursuant to Federal Rules of Civil Procedure (herein "FRCP"), Rule 56(c) / 29 C.F.R. § 18.72(c). See generally *McCurry vs. Kenco Logistic Services., LLC*, ARB No. 21-009, ALJ No. 2019-FDA-0015 (ARB Apr. 30, 2021). Said objections and reply evidence were sought to be submitted due to Respondent's unfair and bad-faith presentation of an unsworn declaration-in-opposition (herein "UD") to Petitioner's MSD on February 06, 2025. ***See 5CPFR-EXHIBIT 1 (February 06, 2025-Unsworn Declaration of V. Schott).***[5] Said MSD was timely submitted to and accepted by the ALJ on

---

[5]     Proffered objections and reply evidence show that Respondent's February 06, 2025-UD was submitted by a person alleged to be a *fact witness*, "Vince Schott", who was not disclosed during the discovery period which ended September 12, 2024, in clear violation of equity principles, fundamental fairness, and 29 C.F.R. §§ 18.50(c) and 18.57(b). See Rule 56(c) / § 18.72(c). Whatsmore, the proffered reply evidence ("call-log" records from Petitioner's cell-phone carrier) irrefutably demonstrates that Respondent's UD is also submitted in bad faith, warranting the inference of Respondent's pretext and a sanctions inquiry under Rule 56(h) / § 18.72(h). ***See 5CPFR-EXHIBIT 2 (February 13, 2025-Affidavit of L. Lewis w/ attachments).*** So, in the instant case, but for the combined actions of the Respondent's unfair/bad-faith injection of Schott's UD into the SDP and the presiding ALJ's clear abuse of discretion when unjustifiably bypassing SDP procedural rules to block said objections/evidentiary reply to said UD (see *McCurry*, *supra*), evidentiary requirements under 49 U.S.C. § 31105(b) that compel Respondent to rebut the MSD with *"clear and convincing evidence"* in order to raise a <u>genuine</u> factual dispute for trial would not be satisfied. *See Beatty vs. Inman Trucking Mgmt., Inc.*, ARB No. 13-039, ALJ Nos. 2008-STA-20 and 21,

December 15, 2024, inasmuch as FRCP, Rule 15(a) governs amendments to pleadings in federal proceedings.

The case record will show that Respondent has failed to respond to said MSD with statutorily required *"clear and convincing evidence"* of a defense to the allegations brought by the Whistleblower Complaint. See <u>*Beatty*</u>, supra, and 49 U.S.C. § 31105(b) referencing § 42121(b). Therefore, in a presumed effort to stave off defeat, the Respondent-company essentially blindsided Petitioner during the SDP with said UD on February 06, 2025, in an unfair/bad-faith attempt to thwart the grant of MSD relief for the Petitioner. ***5CPFR-EXHIBIT 2.***

Yet, instead of taking concrete steps to safeguard fair-hearing rights for the Petitioner during SDP, the Respondent-agency has unfairly denied said timely leave-request with objections attached, see ***5CPFR-EXHIBIT 3 (February 13,***

---

slip op. at 9 (ARB May 13, 2014)("*To meet the burden, the employer must show that the truth of its factual contentions is highly probable. Clear and convincing evidence is 'evidence indicating that the thing to be proved is highly probable or reasonably certain.'*"). Therefore, as such, the Agency's proceedings would necessarily require truncation through the SDP and, thereafter, proceed to damages assessments but for the combined, aforementioned unlawful, bad-faith acts of Respondent-company and the Respondent-agency. On March 20, 2025, a *personal bias affidavit* was submitted by Petitioner regarding the presiding ALJ's unfair modification of the SDP, and his exhibited hostility towards the facts supporting the grant of MSD-relief in the instant case.

***2025-ALJ Order Denying Petitioner's Leave-Request)***, unfairly blocked timely submission of Petitioner's proffered reply evidence (i.e., sworn affidavit with attached "call-log" records from ***VERIZON WIRELESS*** Corporation), ***Ibid.***, and the ALJ on February 18, 2025, has astonishingly issued a sanctions-warning to Petitioner for taking only what amounted to being procedurally authorized steps under 29 C.F.R. § 18.93 in an effort to prevent forfeiture of said matter on appeal, i.e., submitting a subsequent Motion For Reconsideration with the blocked evidence attached (herein "MFR2") on February 17, 2025. ***See attached 5CPFR-EXHIBIT 4 (February 18, 2025-ALJ Order Denying MFR2) at 2.*** Consequently, the ALJ has fully intended to consider the Respondent's unfair, demonstrably bad faith UD in deciding the MSD's merit in review of the MFR1.[6] Such action by the presiding ALJ constituting a clear abuse of his discretion under *McCurry*, supra, *see also Administrative Procedures Act, 5 U.S.C. § 706(1) and (2)(A)*; and amounting to a *manifest injustice* should the ALJ in the case at bar be

---

[6]

Reconsideration of the ALJ's January 23, 2025-denial of the MSD's requested relief is still pending decision by the ALJ in light of the January 28, 2025-submission of Petitioner's initial Motion For Reconsideration (herein "MFR1"), pursuant to 29 C.F.R. § 18.93. ***See attached 5CPFR-EXHIBIT 4 at 1n.1.*** In reaction to submission of Petitioner's MFR1, the ALJ had subsequently ordered that Respondent submit *"any affidavits"* in opposition to the MSD's requested relief on or before February 06, 2025. ***See attached 5CPFR-EXHIBIT 5 (February 13, 2025-ALJ nunc pro tunc-Order Granting MFR1, In-Part) at 1.***

permitted to effectively bypass Rule 56(c) / § 18.72(c) and then utilize Respondent's demonstrably bad faith UD as "evidence" to ultimately justify the denial of requested MSD relief and the resulting right in the instant case to have Agency proceedings truncated through the SDP.[7] *See Administrative Procedures Act, 5 U.S.C. § 706(1) and (2)(A) thru (D).*

---

[7]      In a surmised effort to get around the legal inference of a *causal-link* between Petitioner's engagement in protected activities and Respondent's adverse employment action established by the July 11, 2023-text messages *(see MSD's Corrected Affidavit, attached Affidavit-EXHIBIT 10)*, Respondent-company alleges in Vince Schott's UD that Petitioner made an initial phone call to William Raley at approximately "3:00 PM" where Raley allegedly communicated to Petitioner a "likely termination". *5CPFR-EXHIBIT 1 at Paragraph 7.* And after the alleged initial phone call, Petitioner's subsequent text message sent at "3:09 PM" (which is composed of memorialized protected activity, see MSD's Affidavit-EXHIBIT 10.4) was only Petitioner posturing for, Respondent alleges, Petitioner already knew he had been fired. Id. Yet Petitioner's proffered reply-Affidavit with attached "call-log" records reveal irrefutably that the alleged July 11th, initial 3 o'clock phone call from Petitioner to Raley never occurred. *5CPFR-EXHIBIT 2, EXHIBIT 1 at 4.* The call-logs show the alleged *3 o'clock phone-call* was the product of Mr. Schott's rather vivid imagination, that there was only one phone call made from Petitioner to Raley on July 11, 2023, and it came immediately after Petitioner's exercise of protected activity. *Corrected Affidavit-EXHIBIT 10.4.* The facts show that Petitioner was not posturing in his text messages, the *causal-link* established by the texts is genuine, and this evidentiary development in the case demonstrates the Respondent-company's pretextuality in submitting Mr. Schott's UD. During OSHA's investigation of the Whistleblower Complaint in late 2023, Respondent submitted the same false narrative shown above and tragically it prevailed. *5CPFR-EXHIBIT 8 (January 19, 2024-OSHA Findings) at 2.*

## III.   THIS MATTER HAS BEEN BROUGHT IN A TIMELY FASHION

Petitioner timely sought interlocutory review of the above matter before the Agency's ARB on March 24, 2025.   Said ARB subsequently consolidated and denied the two submitted petitions for review, and Petitioner's ARB-motion to substantively rule on the MSD's merit, on April 23, 2025.   *5CPFR-EXHIBIT 6 (April 23, 2025-ARB Order Denying PFRs).*   On May 19, 2025, Petitioner timely submitted to said ARB his Motion For Reconsideration of such denial of interlocutory review; and on June 20, 2025, said ARB subsequently denied said MFR.  *5CPFR-EXHIBIT 7 (June 20, 2025-ARB Order Denying MFR).*

Under 49 U.S.C. § 31105(d), a PFR to the United States Court of Appeals having jurisdiction over this case is required to be sought within sixty (60) days from June 20th when the MFR to the ARB was denied - which would be by August 19, 2025.  Therefore, it is herein presented that the PFR in the instant case is timely sought.

## IV.   CONCLUSION AND REQUEST

As such, and considering the above, Petitioner submits this petition for interlocutory review of the Agency's collateral final determination as the right to

have said proceedings truncated under SDP procedural rules would be effectively destroyed through a *clear abuse of discretion* and resultant *manifest injustice* if immediate appellate review is not taken under the <u>Cohen</u> exception[8]; **or alternatively,** Petitioner requests review and issuance of an order under the APA, 5 U.S.C. §§ 702-706 granting substantive relief, or the issuance of a *writ of mandamus* under 28 U.S.C. § 1651, to the Agency ordering performance of its ministerial duties under Rule 56(c) and (h) / § 18.72(c) and (h)'s procedural requirements.  Inasmuch as the presiding ALJ's clear abuse of discretion would be remedied, and a resulting *manifest injustice* would be averted, said contemplated action(s) by the Court of Appeals is (are) necessary - as there is no other adequate

---

[8]

*Mohawk Indus., Inc.*,supra, at 105 (citing <u>Cohen vs. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541, 69 S.Ct. 1221 (1949)).  See also <u>Martin vs. Halliburton</u>, 618 F.3d 476, 483 (5th [Tex.] 2010)(Stating that the <u>Cohen</u>-exception immediately extends to those cases where the claim is to "... *a right not to be tried."*).  It is herein urged that <u>Martin</u>'s application of <u>Cohen</u> should apply to the case at bar with equal force as the Respondent-company has failed to meet its statutorily imposed evidentiary requirements in order to qualify for a full-blown merits hearing. § 31105(b).  Yet your Petitioner is being perforced by the Respondent-agency into trying them through the unlawful means above shown, i.e., unjustifiably blocking Petitioner's timely exercise of procedural rights granted under Rule 56(c) and (h) / § 18.72(c) and (h) so that the company's unfair, bad-faith evidentiary submission should be legally contested and likely excluded from consideration of the MSD / MFR1's merit.  **5CPFR-EXHIBIT 4 at 1n.1.**

remedy at law to secure to Petitioner said procedural rights under SDP.[9] *Mohawk Indus., Inc.*, supra, and *In re Dean*, supra.

**WHEREFORE, PREMISES BEING CONSIDERED,** the Petitioner requests the relief outlined above, and such other relief the Honorable Court of Appeals deems equitable, fair and appropriate under the unique circumstances presented by this case.

RESPECTFULLY SUBMITTED BY:


_____*s/ Lorenzo Lewis*_____
LORENZO LEWIS, Petitioner/Appellant *pro se*
2584 Fountain Cove
Carrollton TX  75006
(469) 400-6890
lorenzolewis1967@gmail.com

---

[9]

    See *Priddle vs. United Airlines, Inc.*, ARB No. 21-064, ALJ No. 2020-AIR-0013, slip op. at 13 (ARB Jan. 26, 2022)(The ARB has recently ruled that it will continue to abstain from the issuance of *mandamus* to ALJs because *"... the Secretary has not expressly provided mandamus authority to the Board."*).  Thus, the ARB has informed all litigants that it would be legally futile and an exercise in frivolity to request *mandamus* relief from it under the current legal rubric from which it operates.

## CERTIFICATE OF DELIVERY

I, **Lorenzo Lewis,** hereby certify that a true and correct copy of the forgoing *APPELLANT'S PETITION FOR REVIEW TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT [...]* in **ARB CASE NOS. 2025-0037, 0039 & 0051**, and **OALJ CASE NO. 2024-STA-00042** was emailed to Ms. Amy E. Davis, Esq., Respondent's Counsel of Record in this matter for DeepWell Energy Services, LLC, at *adavis@cdfirm.com*, the Honorable John M. Herke, presiding Administrative Law Judge over the above referenced OALJ Case number at *OALJ-Covington@dol.gov*, the OSHA Director of the Whistleblower Program at *OSHA.DWPP@dol.gov* , OSHA's Region 6 Whistleblower Complainant's Administrator *R6.11C.OSHA@dol.gov*, and the Chief Administrative Law Judge of the OALJ *OALJ-Filings@dol.gov* on this 29th day of July, 2025.


_____*s/ Lorenzo Lewis*_____
**LORENZO LEWIS, Petitioner/Appellant *pro se***

## CERTIFICATE OF COMPLIANCE

I, **Lorenzo Lewis**, the undersigned, certify that: 1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. 2 App. P. 32(f), this document contains **2098 words**, as determined by Microsoft Office Word 2024 word processing software. 2. This document complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2024 in **Times New Roman (14-point).** Footnotes are in **Arial (12-point).**

_____*s/ Lorenzo Lewis*_____
**LORENZO LEWIS, Petitioner/Appellant** *pro se*

# In the
# UNITED STATES COURT OF APPEALS
# For the FIFTH CIRCUIT

— ----------------------------

## CASE NO.

— ----------------------------

*In Re:* **LORENZO LEWIS**
*Petitioner/Appellant.*

**LORENZO LEWIS,**
     *Petitioner/Appellant,*

                               **ARB NOS. 25-0037,0039, 0051**

**vs.**                          **ALJ NO. 2024-STA-00042**

**UNITED STATES DEPARTMENT OF LABOR**
**and DeepWell Energy Services, LLC,**
     *Respondent/Appellee.*

- - - - - - - - - - - - - - -

## APPELLANT'S NOTICE OF INTERLOCUTORY APPEAL OF AGENCY COLLATERAL FINAL DETERMINATION AND, ALTERNATIVELY, REQUEST FOR ISSUANCE OF WRIT OF MANDAMUS

TO THE HONORABLE SAID COURT OF APPEALS:

Notice is hereby given, pursuant to Rule 4 of the Federal Rules of Appellate Procedure, that the petitioner/appellant in the above numbered and encaptioned cause hereby appeals the Agency's actions to the United States Court of Appeals for the Fifth Circuit, pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 702-706, 28 U.S.C. § 1292(b), and the Surface Transportation Assistance Act, 49 U.S.C. § 31105(d).  As an alternative means of effectuating the grant of relief, Petitioner seeks issuance of a *writ of mandamus* to the respondent-Agency, pursuant to 28 U.S.C. § 1651(a).  The orders appealed are attached to the accompanying Petition For Review; such orders representing a *collateral final determination* in the case; and an order setting forth a briefing schedule is hereby requested under Rules 5, 15 and 21 of the Federal Rules of Appellate Procedure.

The interested parties to this suit are listed below and obligatory service was made on the same, pursuant to Rule 25 of the Federal Rules of Appellate Procedure:

**INTERESTED PARTIES:**

1.	MR. LORENZO LEWIS, Petitioner/Appellant
	2584 Fountain CV
	Carrollton TX  75006
	(469) 400-6890
	*lorenzolewis1967@gmail.com*

**2.** MS. AMY E. DAVIS, Counsel of Record for Respondent
Texas Bar No. 24007083
Law Center of Amy E. Davis
1201 N. Bishop Ave.
Dallas TX  75208
(214) 838-3501
*adavis@cdfirm.com*

**3.** OSHA Director of Whistleblower Programs
U.S. Department of Labor, OSHA
Rm. N. 4618 FPB
200 Constitution Ave. NW
Washington DC  202010
*OSHA.DWPP@dol.gov*

**4.** OSHA - Texas Region 6 Solicitor (Dallas)
℅ Mr. Michael Mabee, Asst. Regional Administrator
A. Maceo Smith Federal Bldg.
525 Griffin St., Ste. 501
Dallas TX  75202
*R6.11c.OSHA@dol.gov*

**5.** Office of Administrative Law Judges
℅ Chief Administrative Law Judge
U.S. Department of Labor
800 K Street NW, Suite 400 N.
Washington, D.C. 20001-8002
*OALJ-Filings@dol.gov*

**6.** Office of the U.S. Labor Dept's Administrative Review Board
℅ Clerk of the Appellate Boards
200 Constitution Ave., N.W., Rm. S-5220
Washington DC  20210
Served through ARB's e-File System:  *https://efile.dol.gov*

7.  Office of Administrative Law Judges
    ℅ **Honorable Judge John M. Herke,** Presiding ALJ
    U.S. Department of Labor
    5100 Village Walk, Suite 200
    Covington, LA. 70433
    *OALJ-Covington@dol.gov*

The first-party Respondent to the above numbered and encaptioned cause is **the United States Labor Department, by and through its Administrative Review Board (herein the Agency),** with primary offices located at 200 Constitution Ave., NW, RM. S-5220, Washington, DC 20210.  And the underlying Respondent is **DeepWell Energy Services, LLC (U.S. DOT#:  115518, MC#: 135861)** a national oilfield services company with primary offices located at 4025 State Hwy 35 N., Columbia MS 39429; and such company being represented by **Ms. Amy E. Davis**, Esquire, Texas State Bar License No. 24007083, with an office in Dallas TX at the above referenced address.  The Petitioner in the above action is **Mr. Lorenzo Lewis**, representing himself, and residing in Carrollton TX at the above referenced address.   This petition is submitted within the context of the

Agency's summary judgment / summary decision proceedings (herein "SDP")[1] and under direct guidance from the United States Supreme Court to litigants under the same or similar circumstances as those presented by the case *sub judice*. See *Mohawk Indus., Inc. vs. Carpenter*[2].


RESPECTFULLY SUBMITTED BY:


_____*s/ Lorenzo Lewis*_____
LORENZO LEWIS, Petitioner/Appellant *pro se*
2584 Fountain Cove
Carrollton TX  75006
(469) 400-6890
lorenzolewis1967@gmail.com

---

[1]     The Agency has previously ruled that the summary-decision standard of review under 29 C.F.R. § 18.72 is the same standard as that utilized by federal courts during summary-judgment proceedings under FRAP, Rule 56.   See *Farrar vs. Roadway Express, Inc.*, ARB No. 06-003, ALJ No. 2005-STA-0046, slip op. at 6 (ARB Apr. 25, 2007) (*"The standards for granting summary decision in our cases is essentially the same standard governing summary judgment in the federal courts."*).

[2]     558 U.S. 100, 109, 130 S.Ct. 599 (2009)(*"Second, in extraordinary circumstances—i.e., when a disclosure order amounts to a judicial usurpation of power or a clear abuse of discretion, or otherwise works a manifest injustice—a party may petition the court of appeals for a writ of mandamus."*), (hyphens in original, internal alterations and quotation marks omitted).

## <u>CERTIFICATE OF DELIVERY</u>

      I, Lorenzo Lewis, hereby certify that a true and correct copy of the forgoing *APPELLANT'S NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT [...]* in **ARB CASE NOS. 2025-0037, 0039 & 0051**, and **OALJ CASE NO. 2024-STA-00042** was emailed to Ms. Amy E. Davis, Esq., Respondent's Counsel of Record in this matter for DeepWell Energy Services, LLC, at *adavis@cdfirm.com*, the Honorable John M. Herke, presiding Administrative Law Judge over the above referenced OALJ Case number at *OALJ-Covington@dol.gov*, the OSHA Director of the Whistleblower Program at *OSHA.DWPP@dol.gov* , OSHA's Region 6 Whistleblower Complainant's Administrator *R6.11C.OSHA@dol.gov*, and the Chief Administrative Law Judge of the OALJ *OALJ-Filings@dol.gov* on this 28th day of July, 2025.


      *____s/ Lorenzo Lewis_____*

      **LORENZO LEWIS, Petitioner/Appellant** *pro se*

## CERTIFICATE OF COMPLIANCE

I, **Lorenzo Lewis**, the undersigned, certify that:   1.     This     document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. 2 App. P. 32(f), this document contains **555 words**, as determined by Microsoft Office Word 2024 word processing software.   2. This document complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2024 in **Times New Roman (14-point).**  Footnotes are in **Arial (12-point).**


_____*s/ Lorenzo Lewis*_____
**LORENZO LEWIS, Petitioner/Appellant** *pro se*

# UNITED STATES COURT of APPEALS
## For the FIFTH CIRCUIT
## NEW ORLEANS, LA  70130-3408

— — — — — — — — — — — — — — — —

### CASE NO.

— — — — — — — — — — — — — — — —

*In Re:*   **LORENZO LEWIS**
*Petitioner/Appellant.*

**LORENZO LEWIS,**
*Petitioner/Appellant,*

**ARB NOS. 25-0037,0039, 0051**

**vs.**

**ALJ NO. 2024-STA-00042**

**UNITED STATES DEPARTMENT OF LABOR,**
and DeepWell Energy Services, LLC
*Respondents/Appellees.*

— — — — — — — — — — — — — — — — — — — —

### APPELLANT'S PETITION FOR INTERLOCUTORY REVIEW
### OF THE UNITED STATES LABOR DEPARTMENT'S
### COLLATERAL FINAL DETERMINATION AND, ALTERNATIVELY,
### REQUEST FOR ISSUANCE OF WRIT OF MANDAMUS

# APPENDIX:  EXHIBITS 1 - 8

**EXHIBIT**: 1 (2/06/25-V. Schott's Unsworn Declaration)
    at ppg. 7, 10n.7


**EXHIBIT**: 2 (2/13/25-L. Lewis's Sworn Affidavit)
    at ppg. 8 & n.5, 10n.7


**EXHIBIT**: 3 (2/13/25-ALJ Order Denying Leave-Request)
    at pg. 8


**EXHIBIT**: 4 (2/18/25-ALJ Order Denying MFR2)
    at pg. 9 & n.6,


**EXHIBIT**: 5 (2/13/25-ALJ nunc pro tunc Order Granting
MFR1, In-Part) at pg. 9n.6


**EXHIBIT**: 6 (4/23/25-ARB Order Denying PFRs)
    at pg. 11


**EXHIBIT**: 7 (6/20/25-ARB Order Denying MFR)
    at pg. 11


**EXHIBIT**: 8 (1/19/24-OSHA Investigative Findings)
    at pg. 10n.7

# 5CPFR- EXHIBIT: 1

| | |
|---|---|
| **LORENZO LEWIS,** § | |
| *Complainant,* § | |
| § | |
| **v.** § | |
| § | |
| **DEEPWELL ENERGY SERVICES, LLC.** § | **ALJ No. 2024-STA-00042** |
| *Respondent.* § | |

<u>AFFIDAVIT OF VINCE SCHOTT</u>

| | |
|---|---|
| **STATE OF TEXAS** | ) |
| | ) |
| **COUNTY OF DALLAS** | ) |

**VINCE SCHOTT,** being first duly sworn, hereby states that he has personal knowledge of all of the facts contained in this affidavit and that he is competent to testify to the matters stated herein as follows:

1.       My name is Vince Schott. I oversee the Logistics Division of Respondent DeepWell Energy Services, LLC ("DWE") and have done so since prior to 2023. In 2023, the time period relevant to the above-referenced administrative proceeding, I supervised DWE Logistics Director, William Raley.

2.       On June 21, 2023, DWE hired Lewis as a hazardous materials-explosives driver out of its Dallas-Fort Worth Metroplex, Texas location. A requirement of this position is the successful completion of on-the-job supervised training during the new hire's probationary period. For this purpose, newly hired drivers ride with a senior driver for a period sufficient for the senior driver to evaluate their driving safety and experience—typically a delivery or two. If the new hire does not demonstrate a minimally acceptable competence, DWE will either terminate the driver

or, if the driver has demonstrated a skill level and aptitude for another, less demanding and open position, transfer the driver.

3.      DWE paired Lewis with senior driver Ron Hastings for purposes of the on-the-job supervised training. Hastings determined that Lewis had not demonstrated a minimally acceptable competence after working with Lewis on two deliveries. Rather than terminate Lewis at that time, DWE allowed Lewis one more delivery as a final opportunity to demonstrate minimally acceptable competence as a driver.

4.      For this third assignment, DWE told Lewis to arrive at its customer's site at 1:00 PM dressed in proper personal protection equipment ("PPE") for a 2:00 PM departure. Despite these explicit instructions—and a placard at the entrance to the customer's yard prohibiting entry without proper PPE—Lewis reported to duty wearing shorts at roughly 1:30 PM. The customer notified Raley that Lewis was late and missing the necessary PPE, after which, Raley sent Lewis a text message asking about the situation. Lewis admitted in a text message that he was "technically late" but dismissed this fact by ignoring the time he was asked to arrive (1:00 PM) and focusing on the trip departure time (2:00 PM). Rather than address the customer's concerns about the missing PPE directly, Lewis sent a photo of himself in full PPE, which DWE took to mean Lewis either denied the charge or, as with the arrival time, felt there was no harm, no foul.

5.      When the third trip was completed on July 11, 2023, Hastings reported to Raley that Lewis's skills remained insufficient for the job even after three weeks of training.

6.      Raley, in turn, contacted me to discuss Lewis's lack of driving competence, failure to timely report to work and insubordination. Raley recommended that DWE terminate Lewis' employment. I approved the termination.

7.      In a text message sent by Raley to Lewis the afternoon of July 11, 2023, Raley

asked Lewis to call him at 8:00 a.m. the next morning. Lewis instead called Raley immediately at approximately 3:00 PM. Raley shared with Lewis the fact that Hastings had reservations about his driving skills and discussed with him the issue of Lewis arriving late and inappropriately attired for his last assignment. Raley told Lewis in this call that he would likely be terminated.

8.  It was only _after_ this telephone conversation in which Lewis learned his job was in jeopardy that Lewis claimed to have previously raised a safety issue. He did this by text message to Raley.

> You know what? I just spent 48 hours without sleep (Friday/Saturday & Monday/Tuesday) in order to deliver dangerous items for your company to Mt. Braddock, Pennsylvania (approximately 2700 miles), and all you can think of to do is falsely accuse me of being a "complainer" after I tried to show you some safety issues with the tires on the tractor that Ron and I utilized ..? And I am utterly offended by your actions trying to label me as something I clearly am not.

Text message from Lewis to Raley, Jul. 11, 2023 at 3:09 PM.

9.  Raley knew the statements made by Lewis in the text message were untrue. Lewis was not sleep deprived. The truck used for the assignment had two sleeping bunks, one of which was available at all times for use by the resting driver. In addition, DWE provided Lewis a hotel room over the weekend.

10.  Likewise, Lewis had not raised safety concerns to Raley about the tires. He merely noted to Raley before his final trip, that it might be time to retread the tires. This is confirmed by the pre- and post-trip inspections performed by Lewis during his final assignment, in all of which Lewis indicated the vehicle and its trailer were safe to operate. It is also confirmed by measurements taken of the tire tread and documented in a memorandum that has been shared with Lewis.

11.  Raley also knew his earlier feedback to Lewis had focused on Lewis using excuses

(i.e., Lewis's failure to take responsibility for being late to final assignment because he was picking up snacks for the ride) and diversion (i.e., Lewis's claim the truck tires needed attention when a visual inspection, and later a measured inspection, proved they did not) to distract from his poor work performance, not an attempt to characterize Lewis as a "complainer."

12. Raley also recognized Lewis's message as further insubordination.

13. Consequently, Raley required no further consideration—he again asked Lewis to call him. In that second call on July 11, 2023, Raley informed Lewis he was being terminated and asked that Lewis return his PPE and other DWE property. Raley relayed the same information by text message immediately after the call.

14. DWE terminated Lewis for poor work performance and insubordination, <u>not</u> for reporting safety concerns.

I declare under oath the foregoing is true and correct, subject to penalty of perjury under the laws of the United States

_____
VINCE SCHOTT

Signed this __4th__ day of February 2025.

| | | |
|---|---|---|
| **LORENZO LEWIS,** | § | |
| *Complainant,* | § | |
| | § | |
| v. | § | |
| | § | |
| **DEEPWELL ENERGY SERVICES, LLC.** | § | **ALJ No. 2024-STA-00042** |
| *Respondent.* | § | |

## RESPONDENT'S CERTIFICATE OF SERVICE FOR AFFIDAVIT OF VINCE SCHOTT FILED IN RESPONSE TO COMPLAINANT'S MOTION FOR RECONSIDERATION

The undersigned hereby certifies that, on February 6, 2025, she served on Complainant

Lorenzo Lewis a copy of the Affidavit of Vince Schott, filed by Respondent DeepWell Energy,

LLC in Response to Complainant's Motion for Reconsideration of Denial of Motion for Summary

Decision via email to lorenzolewis1967@gmail.com.

Respectfully submitted,

LAW CENTER OF AMY E. DAVIS
PR, LLC

**AMY E. DAVIS**
Texas Bar No. 24007083
151 Calle de San Francisco
Ste. 200, PMB 1623
San Juan, PR 00901
Telephone: (214) 838-3501
adavis@cdfirm.com

*Counsel for Respondent DeepWell Energy
Services, LLC*

# 5CPFR- EXHIBIT: 2

UNITED STATES DEPARTMENT OF LABOR
OFFICE OF ADMINISTRATIVE LAW JUDGES
COVINGTON, LA DISTRICT OFFICE

| | | |
|---|---|---|
| **LORENZO LEWIS,** | § | |
| *Complainant,* | § | |
| | § | |
| **vs.** | § | **OALJ NO. 2024-STA-00042** |
| | § | |
| **DEEPWELL ENERGY SERVICES, LLC,** | § | |
| *Respondent.* | | |

<u>**SWORN AFFIDAVIT OF LORENZO LEWIS IN SUPPORT OF SUBMITTED
OBJECTIONS & REPLY, PURSUANT TO 29 C.F.R. § 18.72(c)**</u>


      **On this day, LORENZO LEWIS personally appeared before me, the undersigned
notary public and, upon ascertaining his identity, I had administered to him an oath, upon
his oath, he said:**

1.     "My name is ***Lorenzo Lewis***.  I am over the age of 21 and possess personal
knowledge of the underlying events and facts to make the following solemn statements;
and, furthermore, I do solemnly affirm that the attached exhibits are true and correct
documents/business records from the sources herein referenced:

2.     "On February 6, 2025, Respondent in the above numbered and encaptioned
cause submitted to the Court an unsworn declaration (herein 'UD') and declared, under
penalty of perjury, that on July 11, 2023, *'at approximately 3:00 PM'*,
Respondent-Employee William 'Billy' Raley had received an initial phone call from the
Complainant where Raley allegedly informed Complainant *'that he would likely be
terminated.'* ***See recently submitted*** <u>***COMPLAINANT'S REQUEST FOR LEAVE TO
SUBMIT OBJECTIONS & REPLY TO RESPONDENT'S FEBRUARY 06, 2025
UNSWORN DECLARATION,***</u> ***ATTACHMENT at Objection-EXHIBIT B (paragraph 7).***
Then at paragraph 8, Respondent posits in the UD that *'[i]t was only <u>after</u> this telephone*

1

"*'conversation in which Lewis learned his job was in jeopardy that Lewis claimed to have previously raised a safety issue.'* (emphasis in original). ***Ibid. at paragraph 8.*** Respondent then goes on further in its UD to cite to, and quote from, the text message Complainant had sent to Raley on July 11, 2023, at exactly '3:09 PM'. ***Id. Cf.*** ***<u>Complainant's 2ND Revised Motion For Summary Decision</u> ("MSD"), Annexed*** ***Sworn Affidavit of Lorenzo Lewis at Affidavit-EXHIBIT 10.1-10.4.***

3.      "After a few more prepositional statements, made in an obvious effort to shore up what had previously been said at paragraphs 7 and 8, Respondent then posits to the Court at paragraph 13 that upon receiving the text message from Complainant (Affidavit-EXHIBIT 10.4), Raley perceived it as 'insubordination' and, *'[c]onsequently, Raley required no further consideration – again asked Lewis to call him. In that <u>second call</u> on July 11, 2023, Raley informed Lewis he was being terminated and asked that Lewis return his PPE and other DWE property.'* (emphasis is mine). ***UD at paragraph 13.***

4.      "On February 11, 2025, I requested and received from my current cell-phone carrier, i.e., **VERIZON**, an archival record of the 'call-logs' from my family's July-2023 billing – records compiled by **VERIZON** during the regular, daily course of their business policies and practices.

5.      "The cell-phone record I received from **VERIZON** consists of 23 pages, total, for the month of July 2023. The billing portion of the document entails pages 1 thru 9, and the actual call-logs take up the remaining pages at 10 thru 23. Pages 10 thru 12 entail call-logs for my wife, Catherine Lewis. Pages 12 thru 21 entail call-logs for myself – phone number (469) 400-6890. This is the only phone number assigned to me and that I use to conduct my daily business and personal activities. I do not use anyone else's phone to call anyone. And pages 21 thru 23 entail the call-log records for my daughter who was 15 years old at that time. I have redacted from the call-log record the private information of my wife and daughter. For brevity and relevance, I have attached only

"page 14 of that 23-page call-log record to this sworn instrument for the day of July 11, 2023. *See attached OBJECTION-Affidavit EXHIBIT 1 (page 4).*

5.    "For identification purposes, the first 3 pages of Exhibit 1 consist of the general billing statement for the month of July 2023. The exhibit's fourth page consists of the relevant portion of the call-log record from July 08th to the 14th of 2023. For phone-number identification purposes, I have entered by the side of each phone number, on the left-side of the page, the names of the known persons linked to each phone number. In red printing and yellow high-light, I have identified for the Court each of the phone calls I made and/or received on July 11, 2023, from each of Respondent's employees named in this lawsuit as malfeasant actors, i.e., <u>Ronald Ray Hastings, Jr.</u>, <u>William 'Billy' Raley</u>, and <u>Audwin 'A.C.' Chambers</u>. To further assist and confirm to the Court, who actually is identified by each phone number known to me, I have attached to this instrument an EXHIBIT 2, consisting of my iPhone screenshots of each of the above named Respondent-employees' Contact information presently stored within my iPhone. *See attached OBJECTION-Affidavit EXHIBIT 2 (3 pages).* At page 1 of EXHIBIT 2, Respondent-Employee Raley's contact information and mobile phone number is displayed as '(469) 560-3535'.

6.    "Most pertinently here, it is observed that on July 11, 2023, at exactly '3:10 PM', the call-log record shows, and I herein do solemnly attest, that there is only one call that I made to Mr. Raley during that specific time period and not two – just as I have also previously attested to since the original Whistleblower Complainant and again recently within the MSD's annexed sworn affidavit. *MSD, supra, Sworn Affidavit at paragraphs 8-12.* The *VERIZON* call-log record clearly confirms that Respondent's UD – attesting that an initial phone call was made by me to Mr. Raley on July 11, 2023, 'at approximately 3:00 PM', where Raley allegedly gave me a purported *warning* of a 'likely termination', before my phone call confirmed by the text messages to have been made immediately after '3:09 pm' – is simply not true. This false premise has been pushed by Respondent in an attempt to get around the record evidence showing the *close temporal proximity* of their unlawful adverse employment action, which the MSD and

attached call-log record shows was committed on July 11, 2023, at exactly 3:10 PM and shortly thereafter, and at no time beforehand." /// **END.**


**WRITTEN AND SOLEMNLY ATTESTED TO BY:**

_____    **02/13/2025**
**LORENZO LEWIS**
**2584 Fountain Cove**
**Carrollton TX  75006**
**(469) 400-6890**
*lorenzolewis1967@gmail.com*

4

**State Of Texas:**

**{ Sworn Affidavit }**

I, Lorenzo Lewis, do solemnly affirm under penalty of perjury that the statements and facts presented within the foregoing affidavit are true and correct; and do solemnly affirm under the same that the affidavit's attached exhibits are true and correct documents and/or business records from the sources therein referenced.

_____
**Lorenzo Lewis, Affiant**

**NOTARY PUBLIC FOR STATE OF TEXAS**

§

§

§

SWORN TO and SUBSCRIBED before me by Lorenzo Lewis this the 13th day of February, 2025.


MIRANDA CABRERA
Notary Public, State of Texas
Comm. Expires 01-15-2029
Notary ID 135231924

_____
**Notary Public, State of Texas**

5

# L. LEWIS

## AFFIDAVIT- EXHIBIT: 1



PO BOX 489
NEWARK, NJ 07101-0489

Account: ▉▉▉▉▉▉▉
Invoice: 8538471882
Billing period: Jul 5 - Aug 4, 2023

Questions about your bill?
verizon.com/support
800-922-0204

KEYLINE
IIındıldıllındlınlılılılddılındlındlıllılı

CATHERINE LEWIS
2584 FOUNTAIN CV
CARROLLTON, TX 75006-4600

## Ways to pay

 **My Verizon app**

You can check your bill easily with the My
Verizon app available in App Store or Google
Play.

**Online**

Go to go.vzw.com/bill and sign in to review
your bill.

**By phone**

Simply dial #PMT (#768) on your phone and
follow the instructions to pay.

**Cash**

Go to www.verizon.com/stores to find a
Verizon Wireless store near you or find a
Check Free Pay or Western Union near you to
make a cash payment.

## Snapshot of your bill
(details on page 3)

Balance from last bill ▉▉▉▉▉

This month's charges ▉▉▉▉▉

Total due on Aug 27 ▉▉▉▉▉

You have Auto Pay scheduled for Aug 20, 2023.

You'll be charged up to 1.5% per month (18% per year) on the unpaid balance, or a flat $7 per month, whichever is greater, if allowed by law in the state of your billing address.

**We updated the design of your bill.**

Learn more about these updates at
verizon.com/billupdates

---



CATHERINE LEWIS
2584 FOUNTAIN CV
CARROLLTON, TX 75006-4600

Bill date     August 04, 2023
Account number  ▉▉▉▉▉▉▉
Invoice number  8538471882

## Total Amount Due

Deducted from bank account on 08/20/23
DO NOT MAIL PAYMENT    ▉▉▉▉▉

Please see back for instructions on writing to us.

PO BOX 660108
DALLAS, TX 75266-0108

IIındlılıdıllındllıdllındllIIIIndlılılı

▉▉▉▉▉▉▉ 000010000027751000000 ▉▉▉



## Questions about paying your bill?

Go to go.vzw.com/support/pay-bill-faqs to learn more.

## Address change:

Change your address at go.vzw.com/changeaddress.

## Important Information:

Many billing questions can be resolved easily online or with the My Verizon App. Customer service can also assist you by phone, chat or in a retail store for billing questions or disputes.

All written communication related to billing disputes and checks tendered as payment in full to a billing dispute must be sent to this below address:

Verizon
Attn: Correspondence Team
PO Box 15069
Albany, NY 12212

Select a checkbox that describes how we can help you along with any additional information and include it with your written correspondence.

Account:
Invoice: 8538471882
Billing period: Jul 5 - Aug 4, 2023

Questions about your bill?
verizon.com/support
800-922-0204

---

**Automatic Payment Enrollment for Account:** CATHERINE LEWIS

By signing below, you authorize Verizon to electronically debit your bank account each month for the total balance due on your account. The check you send will be used to setup Automatic Payment. You will be notified each month of the date and amount of the debit 10 days in advance of the payment. You agree to receive all Auto Pay related communications electronically. I understand and accept these terms. This agreement does not alter the terms of your existing Customer Agreement. I agree that Verizon is not liable for erroneous bill statements or incorrect debits to my account. To withdraw your authorization you must call Verizon. Check with your bank for any charges.

**1. Check this box.**       **2. Sign name in box below, as shown on the bill and date.**       **3. Return this slip with your payment. Do not send a voided check.**

Please select a checkbox that best describes how we can help you and include details in the box below with any written correspondence.

| Payment Verification | Address Change | Name Change | Billing Dispute | Service Change | Other |
|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Additional information (for example new address or details on your request)



# Your August bill is ████

Due Aug 27

## Since your last bill

- 🖃 You paid ████
- 🖃 You received ████ in one-time credits.
- ⬇ Your bill decreased by ████

Questions about your bill?
verizon.com/support
800-922-0204

### Review your bill online

An itemized bill breakdown of all charges and credits is available on the My Verizon app and online.

Scan the QR code with your camera app or go to go.vzw.com/bill.



## Bill summary by line

**Account-wide charges & credits** ████

⊘ Apps & add-ons removed

**Catherine Lewis** --- wife's cell-phone ████
Smartphone (████-0376)

**Catherine Lewis** ████
Connected Device (████-0376 - Number Share)

**Catherine Lewis** ████
Smartphone (469-400-6890) *** Cell-Phone of Lorenzo Lewis ***

**Catherine Lewis** ████
Smartwatch (469-400-6890 - Number Share)

**Catherine Lewis** ████
Smartphone (████-9592) --- daughter's cell-phone

**Catherine Lewis** ████
Router ████

⊘ Apps & add-ons added

**Catherine Lewis** ████
Connected Device ████

**Total:** ████

---

Surcharges, taxes and gov fees

The total amount due for this month includes surcharges of $26.27 and taxes and gov fees of $8.14. For an itemized list of taxes, fees and surcharges visit go.vzw.com/bill.



Account: ████████

Invoice: 8538471882

Billing period: Jul 5 - Aug 4, 2023

## Talk activity (cont.)

**Catherine Lewis** -- ( wife )
**469-400-6890** -- Cell Phone No. for Lorenzo Lewis
**IPHONE 8 PLUS NON VZ CDMALESS**

| | Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|---|---|---|---|---|---|---|---|---|---|
| | Jul 8 | 2:38 PM | 214-277-3542 | Barboursvi, WV | Incoming, CL | 1 | -- | -- | -- |
| Hastings | Jul 8 | 6:22 PM | 469-644-8031 | Sutton, WV | Incoming, CL | 2 | -- | -- | -- |
| | Jul 8 | 11:55 PM | 214-403-9094 | Sutton, WV | Incoming, CL | 16 | -- | -- | -- |
| wife | Jul 9 | 11:25 AM | ████0376 | Sutton, WV | Incoming, CL | 6 | -- | -- | -- |
| Hastings | Jul 9 | 9:31 PM | 469-644-8031 | Sutton, WV | Incoming, CL | 3 | -- | -- | -- |
| | Jul 10 | 10:52 AM | 469-436-6244 | Smithton, PA | Dallas, TX | 2 | -- | -- | -- |
| | Jul 10 | 10:59 AM | 651-795-4325 | Smithton, PA | Incoming, CL | 54 | -- | -- | -- |
| | Jul 10 | 1:20 PM | 571-702-1200 | Triadelphi, WV | Wsnghnzm7, VA | 8 | -- | -- | -- |
| wife | Jul 10 | 8:20 PM | ████0376 | Park City, KY | Incoming, CL | 13 | -- | -- | -- |
| Hastings | Jul 11 | 7:18 AM | 469-644-8031 | New Boston, TX | Incoming, CL | 1 | -- | -- | -- |
| | Jul 11 | 12:25 PM | 909-827-9642 | Whitney, TX | Incoming, CL | 1 | -- | -- | -- |
| sister | Jul 11 | 12:25 PM | ███-556-3580 | Whitney, TX | Incoming, CL | 2 | -- | -- | -- |
| daughter | Jul 11 | 1:25 PM | ████9592 | Rio Vista, TX | Carrollton, TX | 5 | -- | -- | -- |
| sister | Jul 11 | 1:31 PM | ███-556-3580 | Rio Vista, TX | Grandprari, TX | 63 | -- | -- | -- |
| B.Raley | Jul 11 | 3:10 PM | 469-560-3535 | Farmers Br, TX | Plano, TX | 2 | -- | -- | -- |
| | Jul 11 | 3:15 PM | 817-841-8670 | Dallas, TX | Fort Worth, TX | 2 | -- | -- | -- |
| | Jul 11 | 3:17 PM | 817-545-1611 | Dallas, TX | Euless TX | 4 | -- | -- | -- |
| | Jul 11 | 3:27 PM | 469-436-6244 | Farmers Br, TX | Dallas, TX | 2 | -- | -- | -- |
| wife | Jul 11 | 3:37 PM | ████0376 | Dallas, TX | Incoming, CL | 5 | -- | -- | -- |
| | Jul 11 | 6:27 PM | 817-545-1611 | Carrollton, TX | Incoming CL | 4 | -- | -- | -- |
| daughter | Jul 11 | 10:33 PM | ████9592 | Carrollton, TX | Carrollton, TX | 1 | -- | -- | -- |
| | Jul 12 | 10:11 AM | 972-258-7426 | Carrollton, TX | Incoming, CL | 2 | -- | -- | -- |
| Chambers | Jul 12 | 10:11 AM | 469-323-1307 | Carrollton, TX | Incoming, CL | 5 | -- | -- | -- |
| B.Raley | Jul 12 | 10:16 AM | 469-560-3535 | Carrollton, TX | Plano, TX | 3 | -- | -- | -- |
| | Jul 12 | 11:07 AM | 914-619-0771 | Carrollton, TX | Incoming, CL | 19 | -- | -- | -- |
| | Jul 12 | 12:28 PM | 713-933-1938 | Carrollton, TX | Houston, TX | 2 | -- | -- | -- |
| | Jul 12 | 1:45 PM | 469-931-3244 | Grapevine, TX | VM Deposit, CL | 1 | -- | -- | -- |
| daughter | Jul 12 | 2:08 PM | ████9592 | Dallas, TX | Carrollton, TX | 2 | -- | -- | -- |
| | Jul 12 | 2:43 PM | 865-474-2361 | Carrollton, TX | Knoxville, TN | 1 | -- | -- | -- |
| | Jul 12 | 2:48 PM | 469-436-6244 | Carrollton, TX | Dallas, TX | 2 | -- | -- | -- |
| | Jul 12 | 3:18 PM | 610-214-3907 | Carrollton, TX | Coopersbg, PA | 7 | -- | -- | -- |
| wife | Jul 12 | 4:11 PM | ████0376 | Carrollton, TX | Incoming, CL | 1 | -- | -- | -- |
| wife | Jul 12 | 5:17 PM | ████0376 | Carrollton, TX | McKinney, TX | 1 | -- | -- | -- |
| | Jul 12 | 10:12 PM | 469-377-0943 | Carrollton, TX | Rockwall, TX | 1 | -- | -- | -- |
| | Jul 13 | 9:14 AM | 800-359-0101 | Carrollton, TX | Incoming, CL | 1 | -- | -- | -- |
| | Jul 13 | 10:26 AM | 865-474-2361 | Carrollton, TX | Knoxville, TN | 2 | -- | -- | -- |
| | Jul 13 | 12:42 PM | 800-624-4193 | Carrollton, TX | Toll-Free, CL | 1 | -- | -- | -- |
| | Jul 13 | 3:21 PM | 402-699-7767 | Carrollton, TX | Omaha, NE | 1 | -- | -- | -- |
| | Jul 13 | 3:26 PM | 800-835-5097 | Carrollton, TX | Toll-Free, CL | 12 | -- | -- | -- |
| | Jul 13 | 3:57 PM | 469-436-6244 | Carrollton, TX | Dallas, TX | 2 | -- | -- | -- |
| | Jul 13 | 8:24 PM | 800-267-3313 | Carrollton, TX | Toll-Free, CL | 1 | -- | -- | -- |
| | Jul 14 | 9:32 AM | 817-932-7427 | Carrollton, TX | Glendale, TX | 1 | -- | -- | -- |
| | Jul 14 | 11:05 AM | 972-258-7426 | Carrollton, TX | Irving, TX | 2 | -- | -- | -- |
| | Jul 14 | 11:37 AM | 731-723-3137 | Carrollton, TX | Milan, TN | 1 | -- | -- | -- |
| | Jul 14 | 1:08 PM | 731-723-3137 | Carrollton, TX | Incoming CL | 3 | -- | -- | -- |

# L. LEWIS

## AFFIDAVIT- EXHIBIT: 2




**BR**

# Billy (DeepWell Lgtcs Dir.) Raley


message


mobile


FaceTi...


mail


pay

mobile
(469) 560-3535

office
(817) 796-9970

FaceTime  

work
wraley@dwservices.com

office
1065 Texan Trail
Ste. 300
Grapevine  TX 76051
United States





# Ronald (DWES Driver) Hastings

      

message    call    FaceTi...    pay

phone
+1 (469) 644-8031

FaceTime     

Notes

Send Message

Share Contact



# AC (DeepWell Sale Rep.) Chambers

    

message · call · video · mail · pay

**mobile**
(469) 667-8055

**iPhone**
+1 (469) 323-1307

**work**
(817) 796-9970

**FaceTime**             

**work**
achambers@dwservices.com

# OALJ EMAIL EXCHANGES

## BETWEEN 2/13/2025 & 2/15/2025


## Other Received and Pending Review in Lorenzo Lewis_v_Deepwell Energy Services - 2024STA00042 (13-Feb-25 02:29 PM)

DOL eFile-eServe <noreply@dol.gov>
To: lorenzolewis1967@gmail.com

Thu, Feb 13, 2025 at 1:32 PM

# eFile and eServe

This is an automated email; DO NOT RESPOND TO THIS EMAIL.

Dear LORENZO LEWIS,

This is to notify you that your Other to the case below was received on 13-Feb-25 02:29 PM and is pending review by the Office of the Administrative Law Judges.

### Case Details
Case Number:   2024STA00042
Claimant Name:  Lorenzo Lewis
Employer Name: Deepwell Energy Services
Assigned Judge: Herke, John
Assigned Office: CV - COVINGTON

### Filing Details
Filing:        Other
Filed Date:    13-Feb-25 02:29 PM
eFile Number: OALJ-2502-862813
Status:        Received and Pending Review
Documents:    1941436
              1941437

Thank you,
Office of the Administrative Law Judges
U.S. Department of Labor

If you are not logged in at https://efile.dol.gov, you will be required to login when you click the document link. You will be directed to the document after successful login.

**Tips:**

1. Login using the browser that is automatically opened by your email application when you click a document link
2. Keep the browser open until all documents have been reviewed
3. System works best in Edge and Chrome browsers

**Need technical assistance?** Please submit a support request to eFile and eServe Help Desk.
Remember to include the case number, eFileNumber, and pertinent details in the support request.



## Other Not Accepted in Lorenzo Lewis_v_Deepwell Energy Services - 2024STA00042 (14-Feb-25 12:05 PM)

DOL eFile-eServe <noreply@dol.gov>                                         Fri, Feb 14, 2025 at 11:05 AM
To: lorenzolewis1967@gmail.com

# eFile and eServe

This is an automated email; DO NOT RESPOND TO THIS EMAIL.

Dear LORENZO LEWIS,

This is to notify you that your Other to the case below has not been accepted as a filing for the reason below.

Reason: This was filed after the 2/13 order was issued. Per the 2/13 order, no further filings by either party will be permitted in support of, or opposition to, Complainant's motion for reconsideration of the denial of his MSD. Therefore, this is rejected and will not remain a part of the record.

### Case Details
Case Number:    2024STA00042
Claimant Name:  Lorenzo Lewis
Employer Name: Deepwell Energy Services
Assigned Judge: Herke, John
Assigned Office: CV - COVINGTON

### Filing Details
Filing:             Other
Filed Date:         13-Feb-25 02:29 PM
eFile Number:       OALJ-2502-862813
Status:             Not Accepted
Not Accepted Date: 14-Feb-25 12:05 PM
Documents:          1941436
                    1941437

Thank you,
Office of the Administrative Law Judges
U.S. Department of Labor

If you are not logged in at https://efile.dol.gov, you will be required to login when you click the document link. You will be directed to the document after successful login.

**Tips:**

1. Login using the browser that is automatically opened by your email application when you click a document link
2. Keep the browser open until all documents have been reviewed
3. System works best in Edge and Chrome browsers

**Need technical assistance?** Please submit a support request to eFile and eServe Help Desk. Remember to include the case number, eFileNumber, and pertinent details in the support request.


## Lewis v. Deepwell (2024-STA-00042)

**Wallis, Bridget E - OALJ** <Wallis.Bridget.E@dol.gov>                    Fri, Feb 14, 2025 at 1:22 PM
To: Lorenzo Lewis <lorenzolewis1967@gmail.com>, "adavis@cdfirm.com" <adavis@cdfirm.com>

Good afternoon,

We issued an Order Thursday afternoon directing there should be no further pleadings filed in support of or in opposition to Complainant's motion for reconsideration of the denial of Complainant's Motion for Summary Decision. Mr. Lewis' attempted filing later that afternoon was rejected in EFS because it was submitted after the issuance of said Order.

Thank you.

**Bridget E. Wallis**

**Attorney Advisor to ALJ John M. Herke**

Office of Administrative Law Judges

U.S. Department of Labor



Lorenzo Lewis <lorenzolewis1967@gmail.com>

---

## Lewis v. Deepwell (2024-STA-00042)

**Lorenzo Lewis** <lorenzolewis1967@gmail.com>                                              Sat, Feb 15, 2025 at 3:10 AM
To: "Wallis, Bridget E - OALJ" <Wallis.Bridget.E@dol.gov>
Cc: "Amy E. Davis" <adavis@cdfirm.com>, "Guerra, Racheal M - OALJ" <guerra.racheal.m@dol.gov>

Hello Ms. Wallis;

    I'm so sorry if I may have, in any way, caused the Court any inconvenience in its consideration of these important matters. The Complainant's February 13th-sworn affidavit is submitted in support of my Objections and Reply, and was coincidentally submitted almost right at the same instance the Court issued its February 13th-Orders (so I was unaware); but it is important to please note that said sworn affidavit consists of evidence (i.e., July 11, 2023-cell phone call-log archival records from *VERIZON*) that prove Respondent has submitted to the Court what 29 C.F.R. § 18.72(h) proscribes as a "bad-faith declaration". And so I thought it prudent to make the honorable Court aware of this, and also would request for the Court, on this ground and others already presented, to refuse to extend to Respondent's declaration any probativeness in reaching its decision in the MSD and MFR's requested relief. For the action would be to knowingly acquiesce in the Respondent's attempt to commit a fraud on the Court.

    I can see the Court's expressed consternation with my pleadings in its Orders and have taken them to heart. Please remember that I am not a lawyer. I work long, hard hours all week, every week, and I also have to sacrifice precious rest and time to read the STAA law in order to be enabled to meaningfully participate in these proceedings. I take time to study in order to keep up with what the Court is doing and understand from my *pro se* capacity. And it takes a monumental effort as I try really hard to say what I need to say to the Court in a right way so that my claims are understood. I ask this honorable Court for your patience. I work so hard at this because I want justice for the Respondent's harm done to me and my family upon committing the unlawful behavior described in the MSD along with its annexed Sworn Affidavit and Memorandum.

    I Remain;


*LORENZO LEWIS*
*(469) 400-6890*

[Quoted text hidden]

# 5CPFR- EXHIBIT: 3

# UNITED STATES DEPARTMENT OF LABOR
## OFFICE OF ADMINISTRATIVE LAW JUDGES
### COVINGTON, LA DISTRICT OFFICE

*Issue Date: 13 February 2025*

*In the Matter of:*

**LORENZO LEWIS,**
*Complainant,*

v.

**DEEPWELL ENERGY SERVICES, LLC**
*Respondent.*

**CASE NO.:**  **2024-STA-00042**

OSHA NO.:  301021228

**JOHN M. HERKE**
Administrative Law Judge

## ORDER DENYING MOTION FOR LEAVE TO FILE
## ADDITIONAL SUMMARY DECISION MATERIALS AND ARGUMENT

On November 25, 2024, the undersigned conducted an on-the-record discovery and motions conference with the parties. At the conference, Complainant expressed his intention to file a *Motion for Summary Decision*. Since that conference, Complainant has filed:

a. A *Motion for Summary Decision*;
b. A *Revised Motion for Summary Decision*;
c. A *Second Revised Motion for Summary Decision*; and
d. A *Memorandum of Points and Authorities with Revised List of Undisputed Facts*.

With each successive filing, Complainant added some type of new evidence. Yet, at no time did Complainant file a motion for leave to file any additional evidence or pleadings, nor did Complainant explain in his pleadings why all the evidence and arguments presented thus far could not have been included in his original *Motion for Summary Decision*.[1]

On January 23, 2025, the undersigned issued a *Notice of Motion Ruling* (NMR) denying Complainant's MSD. At a January 29, 2025, scheduling conference, Complainant argued orally that denial of his MSD should be reconsidered. For reasons stated at the conference and over Respondent's objection, Complainant's motion for reconsideration was granted, but only as to the issue of Respondent's asserted reasons for terminating Complainant's employment.[2] Respondent was directed to submit no later than February 6, 2025, any affidavits deemed appropriate regarding its asserted reasons for terminating Complainant's employment. Respondent timely submitted the affidavit of Vince Schott on February 6, 2025. On February 10, 2025, Complainant filed a motion

---

[1] Complainant did informally—solely via email to the undersigned's attorney advisor—advance some cursory explanations/excuses for submitting the 2nd Revised MSD.

[2] *See also* the previously entered *Order Granting Nunc Pro Tunc Complainant's Motion to Reconsider Denial of Summary Decision.*

for leave to respond to Mr. Schott's affidavit and to add still more documents in support of his MSD.

As noted in an earlier procedural order limiting further filings regarding Complainant's MSD, 29 C.F.R. § 18.72 does not provide for filing multiple revisions and additions to a motion for summary decision. Moreover, procedural rules, including 29 C.F.R. § 18.72, are meant "to secure the just, speedy, and inexpensive determination of every action and proceeding."[3] Complainant's MSD practice to date has furthered neither the "speedy" nor the "inexpensive" aims of the procedural rules. Indeed, after filing his initial motion, Complainant followed it with—to date— five supplemental filings as well as multiple additional documents and citations to caselaw. The sheer volume of material and argument involved thus far in Complainant's MSD filings indicates it would be more "speedy and inexpensive" to simply conduct the formal hearing.

Additionally, in *Celotex v. Catrett* the U.S. Supreme Court made it clear that summary judgment rules must be construed with due regard to the rights of <u>both</u> parties.[4] Allowing Complainant to continue submitting more and more argument, caselaw, and documentation in response to every ruling of the court and every submission by Respondent would not only be unjust to the rights of Respondent, it would further detract from the speedy resolution of this claim.

The undersigned has thus far allowed and considered all of Complainant's multiplicity of filings on the MSD issue. There must, however, be a stopping point, and that point has been reached. Complainant's motion for leave to file additional pleadings and evidence will be denied, and **<u>no further filings by either party</u>** will be permitted in support of, or opposition to, Complainant's motion for reconsideration of the denial of his MSD. The undersigned will review the pleadings and evidence that have been filed to date (NOT including Complainant's motion for leave) and determine based on those filings whether a genuine issue of disputed material fact exists.

**<u>Order.</u>** It is ORDERED that Complainant's February 10, 2025 *Request for Leave to Submit His Objections & Reply to Respondent's February 6, 2025, Unsworn Declaration-In-Opposition* is **DENIED**. The pleading will remain a part of the record but will not be considered in determining Complainant's motion for reconsideration of the denial of his *Motion for Summary Decision*.

**SO ORDERED** this day at Covington, Louisiana.



Digitally signed by John M. Herke
DN: CN=John M. Herke,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=Covington, S=LA, C=US
Location: Covington LA

**JOHN M. HERKE**
**Administrative Law Judge**

---

[3] Fed. R. Civ. P. 1.
[4] *Celotex v. Catrett*, 477 U.S. 317, 327 (1986).

**SERVICE SHEET**

Case Name: **Lewis_v_Deepwell_Energy_Serv_**

Case Number: **2024STA00042**

Document Title: **ORDER DENYING MOTION FOR LEAVE TO FILE**

I hereby certify that a copy of the above-referenced document was sent to the following this 13th day of February, 2025:



Digitally signed by RACHEAL M. GUERRA
DN: CN=RACHEAL M. GUERRA,
OU=PARALEGAL SPECIALIST, O=US DOL
Office of Administrative Law Judges,
L=Covington, S=LA, C=US
Location: Covington LA

**RACHEAL M. GUERRA**
**PARALEGAL SPECIALIST**

OSHA-Region 6 Regional Administrator
R6.11C.OSHA@DOL.GOV
Regional Administrator
U. S. Department of Labor, OSHA Region 6
U. S. Department of Labor, OSHA
Room 602
525 Griffin Street
DALLAS TX 75202
        *{Electronic - Regular Email}*

Dallas Regional Solicitor
Docket.dallas@dol.gov
Regional Solicitor
U. S. Department of Labor
Suite 501
525 South Griffin Street
DALLAS TX 75202
        *{Electronic - Regular Email}*

OSHA, Whistlebl Director
OSHA.DWPP@dol.gov
Director
Directorate of Whistleblower Protection Programs
U S Department of Labor, OSHA
Room N 4618 FPB
200 CONSTITUTION AVE NW
WASHINGTON DC 20210

LORENZO LEWIS
lorenzolewis1967@gmail.com
Self
2584 Fountain Cove
CARROLLTON TX 75006
        *{Electronic - Regular Email}*

Amy Davis
adavis@cdfirm.com
Law Center of Amy E. Davis LLC
1201 N Bishop Ave.
DALLAS TX 75208
        *{Electronic - Regular Email}*

Steve Clark
sclark@dfwlaborlaw.com
5445 La Sierra Dr Ste 415
DALLAS TX 75231-4102
        *{Electronic - Regular Email}*

Amy Davis, Esq.
adavis@cdfirm.com
Law Center of Amy E. Davis
1021 North Bishop Ave.
DALLAS TX 75208
        *{Electronic - Regular Email}*

# 5CPFR- EXHIBIT: 4

*Issue Date: 18 February 2025*

In the Matter of:

| | |
|---|---|
| **LORENZO LEWIS,**<br>*Complainant,* | **CASE NO.:**   **2024-STA-00042**<br><br>**OSHA NO.:**   301021228 |
| v. | |
| **DEEPWELL ENERGY SERVICES, LLC**<br>*Respondent,* | **JOHN M. HERKE**<br>Administrative Law Judge |

## ORDER DENYING COMPLAINANT'S SECOND
## MOTION FOR RECONSIDERATION[1]

The procedural posture of this matter should be straightforward and relatively uncomplicated. That is not so, however, due in large part to Complainant's continual filings seeking to add more argument, documentation, and reasons why his *Motion for Summary Decision* (MSD) "clearly" should be decided in his favor.[2]

Briefly, Complainant was initially allowed to file his MSD although the time for doing so had already passed. Complainant was cautioned at the time that issues of whether there is a causal nexus between a complainant's statutorily protected activity and any adverse employment action taken against that complainant are almost always fact-driven and not likely to be subject to summary decision. Complainant filed his MSD and followed it (without permission) with a *Revised Motion for Summary Decision*; a *Second Revised Motion for Summary Decision*; and a *Memorandum of Points and Authorities with Revised List of Undisputed Facts*.

Each successive filing added some type of new evidence, and all the supplemental filings were submitted in violation of the procedural rules. Nonetheless, all of Complainant's filings up to that point were considered. On January 23, 2025, the undersigned issued a *Notice of Motion Ruling* (NMR) denying Complainant's MSD. At a January 29, 2025, scheduling conference, Complainant argued orally that denial of his MSD should be reconsidered. For reasons stated at the conference

---

[1] This order addresses only Complainant's February 17, 2025 motion seeking reconsideration of the February 13, 2025 order denying Complainant's motion for leave to file additional documents and argument in further support of his first motion for reconsideration. The first motion for reconsideration is still pending and involves the initial denial of Complainant's motion for summary decision.

[2] It appears Complainant may fundamentally misunderstand the role of summary decision. Complainant essentially argues at every turn that his evidence is clear and irrefutable, while Respondent's assertions are false and not to be believed. Thus, Complainant is asking the undersigned to weigh the evidence. Weighing of evidence is not allowed at the summary decision stage. Moreover, denial of summary decision does not decide the merits of the case for or against either party; it merely holds that there must be a full exposition of the facts at a formal hearing before reaching a decision on the merits.

and over Respondent's objection, Complainant's motion for reconsideration was granted, but only as to the issue of Respondent's asserted reasons for terminating Complainant's employment.[3] Respondent was directed to submit no later than February 6, 2025, any affidavits deemed appropriate regarding its asserted reasons for terminating Complainant's employment. Respondent timely submitted the affidavit of Vince Schott on February 6, 2025.

On February 10, 2025, Complainant filed a motion for leave to respond to Mr. Schott's affidavit and to add still more documents in support of his MSD. On February 13, 2025, the undersigned issued a procedural order denying Complainant's motion for leave to file still more documents and argument. In that same order, the undersigned directed that **no further filings by either party** would be permitted in support of, or opposition to, Complainant's motion for reconsideration of the denial of his MSD.

Approximately one hour after issuance of the procedural order prohibiting further MSD-related filings, Complainant submitted through the Electronic Filing System (EFS) a document titled *"Sworn Affidavit of Lorenzo Lewis in Support of Submitted Objections & Reply, Pursuant to 29 C.F.R. § 18.72(c)."* Complainant's submission was rejected in EFS with the explanation that it "was filed after the 2/13 order was issued. Per the 2/13 order no further filings by either party will be permitted in support of, or opposition to, Complainant's motion for reconsideration of the denial of his MSD. Therefore, this [submission] is rejected and will not remain a part of the record."

Next, in <u>direct violation</u> of the February 13, 2025, order stating that no further MSD-related filings would be permitted, Complainant filed on February 17, 2025, another MSD-related motion, this time seeking to have the undersigned reconsider the denial of his February 10, 2025, motion for leave to file further documents and argument. Moreover, in what appears to be an attempt to further circumvent the undersigned's earlier orders and determinations, Complainant again attached multiple documents he contends should be considered in determining his motion to reconsider denial of his MSD.

As such, not only has Complainant refused to abide by orders issued in this matter, his conduct in continuing to press his arguments—to the tune now of at least <u>six</u> supplemental filings as well as multiple additional documents and citations to caselaw—has markedly slowed and unnecessarily complicated the resolution of his MSD and, indeed, his case.

As a self-represented party, Complainant has been allowed great procedural latitude thus far. There comes a point, however, when latitude allowed becomes latitude abused. <u>That point has been passed</u>. Complainant's motion to reconsider denial of his motion for leave to file additional pleadings and evidence will be denied, and—again—**no further filings by either party** will be permitted in support of, or opposition to, Complainant's motion for reconsideration of the denial of his MSD.

**Complainant is cautioned that submission of any further MSD-related filings of any kind may subject him to such sanctions as are allowed by 29 C.F.R. Part 18.**

---

[3] Complainant's written motion for reconsideration was filed January 30, 2025. *See also* the previously entered *Order Granting Nunc Pro Tunc Complainant's Motion to Reconsider Denial of Summary Decision*.

**Order.** It is ORDERED that

(i)     Complainant's February 17, 2025, (second) *Motion for Reconsideration* is **DENIED**. The pleading and its attachments are a part of the record but will not be considered in determining reconsideration of the denial of Complainant's *Motion for Summary Decision*.

(ii)    Complainant's request for an on-the-record "status conference" to be held regarding his reconsideration motion is DENIED, and

(iii)   **Submission of any further MSD-related filings either by Complainant or on his behalf may subject him to such sanctions as are allowed by 29 C.F.R. Part 18.**

   **SO ORDERED** this day at Covington, Louisiana.



Digitally signed by John M. Herke
DN: CN=John M. Herke,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=Covington, S=LA, C=US
Location: Covington LA

**JOHN M. HERKE**
**Administrative Law Judge**

**SERVICE SHEET**

Case Name: **Lewis_v_Deepwell_Energy_Serv_**

Case Number: **2024STA00042**

Document Title: **ORDER DENYING COMPLAINANT'S SECOND**

I hereby certify that a copy of the above-referenced document was sent to the following this 18th day of February, 2025:



Digitally signed by RACHEAL M. GUERRA
DN: CN=RACHEAL M. GUERRA,
OU=PARALEGAL SPECIALIST, O=US DOL
Office of Administrative Law Judges,
L=Covington, S=LA, C=US
Location: Covington LA

**RACHEAL M. GUERRA**
**PARALEGAL SPECIALIST**

Regional Administrator
U. S. Department of Labor, OSHA Region 6
Room 602
525 Griffin Street
DALLAS TX 75202
*{Electronic - Regular Email}*

Dallas Regional Solicitor
Docket.dallas@dol.gov
Regional Solicitor
U. S. Department of Labor
Suite 501
525 South Griffin Street
DALLAS TX 75202
*{Electronic - Regular Email}*

OSHA, Whistlebl Director
OSHA.DWPP@dol.gov
Director
Directorate of Whistleblower Protection Programs
U S Department of Labor, OSHA
Room N 4618 FPB
200 CONSTITUTION AVE NW
WASHINGTON DC 20210
*{Electronic - Regular Email}*

LORENZO LEWIS
lorenzolewis1967@gmail.com
Self
2584 Fountain Cove
CARROLLTON TX 75006
*{Electronic - Regular Email}*

Amy Davis
adavis@cdfirm.com
Law Center of Amy E. Davis LLC
1201 N Bishop Ave.
DALLAS TX 75208
*{Electronic - Regular Email}*

Steve Clark
sclark@dfwlaborlaw.com
5445 La Sierra Dr Ste 415
DALLAS TX 75231-4102
*{Electronic - Regular Email}*

Amy Davis, Esq.
adavis@cdfirm.com
Law Center of Amy E. Davis
1021 North Bishop Ave.
DALLAS TX 75208
*{Electronic - Regular Email}*

# 5CPFR- EXHIBIT: 5

*Issue Date: 13 February 2025*

*In the Matter of:*

| | |
|---|---|
| **LORENZO LEWIS,** | **CASE NO.:**    **2024-STA-00042** |
| *Complainant,* | |
| v. | **OSHA NO.:**    301021228 |
| **DEEPWELL ENERGY SERVICES, LLC** | |
| *Respondent.* | **JOHN M. HERKE** |
| | Administrative Law Judge |

## ORDER GRANTING (*NUNC PRO TUNC*)[1] COMPLAINANT'S MOTION TO RECONSIDER DENIAL OF SUMMARY DECISION

**1. <u>Nature of Motion</u>.** This matter arises under the employee protection provisions of the Surface Transportation Assistance Act of 1982 ("STAA"), 49 U.S.C. § 31105, and the regulations promulgated at 29 C.F.R. Part 1978. The case has a lengthy procedural history. Its past procedural history is memorialized in the January 23, 2025 ruling denying Complainant's *Motion for Summary Decision* (MSD). Relevant to this *nunc pro tunc* order is the following procedural history:

    *i.*      On January 23, 2025, the undersigned issued a *Notice of Motion Ruling* (NMR) that denied Complainant's MSD.[2] In conformity with prior rulings and guidance, the NMR was issued without requiring Respondent to file any opposition because Complainant's motion failed to establish on its face that there were no genuine issues of disputed fact.[3]

    *ii.*      On January 29, 2025, the undersigned held a scheduling conference to discuss setting a formal hearing date. At the conference, Complainant orally advised that he would be filing a motion to reconsider the NMR. Among the myriad reasons orally advanced for granting reconsideration, Complainant asserted that he wished to have Respondent state on the record the exact reasons it contended Complainant's employment was terminated. Thus, over Respondent's objection, the undersigned orally granted Complainant's motion for reconsideration but **<u>only</u>** as to Respondent's asserted reasons for terminating Complainant's employment. The undersigned then directed Respondent to file in the record, no later than February 6, 2025, any affidavits it might

---

[1] "Nunc pro tunc" is a Latin phrase meaning "now for then." A nunc pro tunc order is issued, in pertinent part, to clarify in the record that an action in the case took place in the past.

[2] Complainant's *Motion for Summary Decision* was accepted and ruled on despite being filed well after the deadline for doing so.

[3] Complainant had earlier been advised that in whistleblower cases such as this one, the issue of causation as to an adverse employment action is almost always a disputed fact issue. Complainant's motion failed to establish the absence of disputed issues on the question of why he was terminated from his employment with Respondent.

consider appropriate regarding its contentions as to why Complainant's employment had been terminated.

iii.  Also on January 29, 2025, Complainant submitted additional caselaw that he had cited orally in support of his motion to reconsider the denial of his MSD.

iv.  On January 30, 2025, Complainant filed the written version of his motion to reconsider denial of his MSD.

v.  On February 6, 2025, Respondent filed the affidavit of Vince Schott in conformity with the undersigned's January 29, 2025, directive.

Accordingly, this *nunc pro tunc* order is entered <u>only</u> to memorialize (i) the fact that Complainant's motion to reconsider the denial of his MSD was granted orally at the January 29, 2025 scheduling conference, (ii) the fact that Complainant's motion was granted only to the extent that Respondent would be required to state on the record through affidavit(s) its reasons for terminating Complainant's employment, (iii) the fact that Respondent was orally directed to file any affidavits it deemed appropriate by February 6, 2025 regarding its contentions as to why it terminated Complainant's employment, and (iv) the fact that Complainant submitted additional caselaw that will be taken into account in ruling on his motion to reconsider denial of his MSD.

**3. <u>Order.</u>** Based on the foregoing, it is ORDERED that

a.  Complainant's January 30, 2025 motion to reconsider the denial of his *Motion for Summary Decision* is **GRANTED as of January 29, 2025**.

b.  Respondent's responsibilities in responding to Complainant's *Motion for Summary Decision* are limited to filing no later than February 6, 2025 any affidavits deemed appropriate on the issue of its reason(s) for terminating Complainant's employment.

c.  Respondent timely filed the affidavit of Vince Schott.

d.  Submissions in support of, or opposition to, Complainant's *Motion for Summary Decision* are now <u>closed</u>.

e.  <u>No further submissions from either party</u> will be considered in determining the reconsideration of Complainant's *Motion for Summary Decision*.

**SO ORDERED** this day at Covington, Louisiana.



Digitally signed by John M. Herke
DN: CN=John M. Herke,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=Covington, S=LA, C=US
Location: Covington LA

**JOHN M. HERKE**
**Administrative Law Judge**

2

# SERVICE SHEET

Case Name: **Lewis_v_Deepwell_Energy_Serv_**

Case Number: **2024STA00042**

Document Title: **ORDER GRANTING (NUNC PRO TUNC) COMPLAINANT'S MOTION TO RECONSIDER DENIAL OF SUMMARY DECISION**

I hereby certify that a copy of the above-referenced document was sent to the following this 13th day of February, 2025:



Digitally signed by RACHEAL M. GUERRA
DN: CN=RACHEAL M. GUERRA,
OU=PARALEGAL SPECIALIST, O=US DOL
Office of Administrative Law Judges,
L=Covington, S=LA, C=US
Location: Covington LA

**RACHEAL M. GUERRA**
PARALEGAL SPECIALIST

OSHA-Region 6 Regional Administrator
R6.11C.OSHA@DOL.GOV
Regional Administrator
U. S. Department of Labor, OSHA Region 6
U. S. Department of Labor, OSHA
Room 602
525 Griffin Street
DALLAS TX 75202
  *{Electronic - Regular Email}*

Dallas Regional Solicitor
Docket.dallas@dol.gov
Regional Solicitor
U. S. Department of Labor
Suite 501
525 South Griffin Street
DALLAS TX 75202
  *{Electronic - Regular Email}*

OSHA, Whistlebl Director
OSHA.DWPP@dol.gov
Director
Directorate of Whistleblower Protection Programs
U S Department of Labor, OSHA
Room N 4618 FPB
200 CONSTITUTION AVE NW
WASHINGTON DC 20210
  *{Electronic - Regular Email}*

LORENZO LEWIS
lorenzolewis1967@gmail.com
Self
2584 Fountain Cove
CARROLLTON TX 75006
  *{Electronic - Regular Email}*

Amy Davis
adavis@cdfirm.com
Law Center of Amy E. Davis LLC
1201 N Bishop Ave.
DALLAS TX 75208
  *{Electronic - Regular Email}*

Steve Clark
sclark@dfwlaborlaw.com
5445 La Sierra Dr Ste 415
DALLAS TX 75231-4102
          *{Electronic - Regular Email}*

Amy Davis, Esq.
adavis@cdfirm.com
Law Center of Amy E. Davis
1021 North Bishop Ave.
DALLAS TX 75208
          *{Electronic - Regular Email}*

Lorenzo Lewis
Lorenzolewis1967@gmail.com
2584 Fountain Cove
CARROLTON TX 75006
          *{Electronic - Regular Email}*

# EMAIL EXCHANGES

**DATED BETWEEN 01/30/2025 to 02/04/2025**



## RE: Lewis v. Deepwell (2024-STA-00042) | venue for final hearing

**Amy E. Davis** <adavis@cdfirm.com>                          Thu, Jan 30, 2025 at 3:45 PM
To: "Wallis, Bridget E - OALJ" <Wallis.Bridget.E@dol.gov>
Cc: "Guerra, Racheal M - OALJ" <guerra.racheal.m@dol.gov>, Lorenzo Lewis <lorenzolewis1967@gmail.com>

Ms. Wallis,

I am very pleased to report that the law firm of Calhoun, Bhella & Sechrest is willing to allow us to use a large 10-person conference room and nearby 4-5 person conference room for purposes of the final hearing on March 20-21. 2025. The larger of the two conference rooms will have videoconferencing capabilities for the court reporter and any witness that may need to appear remotely. The firm is located in downtown Dallas:

325 N. Saint Paul Street, Suite 2300

Dallas, Texas 75201

I hope this is helpful.

Sincerely,

**Amy E. Davis**

*Board Certified in Labor and Employment Law*

Law Center of Amy E. Davis

2314 Calle Cacique

San Juan, PR 00913

(214) 838-3501

www.cdfirm.com




## RE: Lewis v. Deepwell (2024-STA-00042) | venue for final hearing

**Lorenzo Lewis** <lorenzolewis1967@gmail.com>                    Fri, Jan 31, 2025 at 3:46 PM
To: "Wallis, Bridget E - OALJ" <Wallis.Bridget.E@dol.gov>
Cc: "Amy E. Davis" <adavis@cdfirm.com>, "Guerra, Racheal M - OALJ" <guerra.racheal.m@dol.gov>

Hello Ms. Wallis;
  I'm optimistic.  Thank you, Ms. Davis.

  On the issue of Complainant's summary-decision request ("MSD"), after reflection on our off-the-record discussions during the January 29, 2025-status conference regarding said MSD and the Motion For Reconsideration ('MFR") of it after said MSD's denial on January 23rd, I think that it would be prudent for the Court to issue a formal written order granting the Complainant's MFR and requiring submission of Respondent's full and frontal opposition to said MSD.  I'm thinking that this should be done so that we have a fully developed record of this important matter and our January 29th-discussions about it.  Of course, this is just my humble suggestion to the Court as it will do as it pleases to bring about a just and fair disposition of this case.  As I'm sure all can understand that, as a *pro se* complainant, I have a keen interest in the success of the MSD and legal entitlement to these proceedings being truncated if at all possible if summary decision law requires it.

  My understanding from the January 29th-status conference is that Respondent's counsel (Ms. Davis) is being required by the Court to submit to the Court by February 06, 2025, *"at least two affidavits"* from Respondent-employees to address the issue of why Complainant was fired from his driving position with Respondent.  This requirement of Respondent was occasioned during the Court's discussions with the parties regarding the issue of whether the MSD was sufficiently averred to satisfy legal requirements that there be a *"causal connection"* between the undisputed material fact issues of the Respondent's adverse action and Complainant's protected activities.

  Afterwards, Complainant proffered to the Court and Respondent ARB case-law supporting his view that the *"close temporal proximity"* between the undisputed adverse action on July 11, 2023, and undisputed protected activities between June 27 and July 11, 2023, as averred in his MSD and MFR, conclusively establish a causal link in light of the totality of the MSD and MFR's presented evidence.

  Complainant's proffered ARB case-law were *White vs. Action Expediting, Inc.*, ARB No. 13-015, ALJ No. 2011-STA-011 (ARB June 06, 2014), and *Abbs vs. Con-Way Freight, Inc.*, ARB No. 12-016, AJL No. 2007-STA-037 (ARB Oct. 17, 2012).

  With the above observations, and with utmost respect, I think it quite prudent if the Court would (for the sake of a fully developed record on the matter and in line with summary-decision procedure) issue a short, succinct order reflecting the above and requiring a full-on, frontal opposition from Respondent, pursuant to 29 C.F.R. § 18.72(c)-(e).  If required to do so by rule or the Court, I'm prepared to formalize this request in another pleading to the Court. I'm thinking this move would be rather unnecessary as the submitted MFR has already achieved my actual *request* made here in this email, but the Court has not yet formalized its ruling in writing so that the official MSD record actually reflects its January 29th-actions. As the Court is imminently aware, this is needed so that Respondent's February 06th-cutoff is also formalized so that, if the February 06th-cutoff is missed, the MSD's requested relief would go formally uncontested. Otherwise, everything's just open-ended.

I Remain;

Lorenzo Lewis
(469) 400-6890



## RE: Lewis v. Deepwell (2024-STA-00042) | venue for final hearing

**Wallis, Bridget E - OALJ** <Wallis.Bridget.E@dol.gov>    Tue, Feb 4, 2025 at 9:59 AM
To: Lorenzo Lewis <lorenzolewis1967@gmail.com>
Cc: "Amy E. Davis" <adavis@cdfirm.com>, "Guerra, Racheal M - OALJ" <guerra.racheal.m@dol.gov>

Good morning, Mr. Lewis,

Judge Herke understands the concerns you expressed at the January 29, 2025 conference. He is taking full consideration of the discussions that took place and the case law you presented at the conference. Please also note that, as discussed at the conference, Ms. Davis was directed to submit any affidavits from her clients that she believed were appropriate. The specific subject of any affidavits submitted is to be Respondent's asserted reasons for terminating your employment. The additional case law you submitted, and any affidavits Respondent submits, will be considered in ruling on your Motion for Reconsideration. Any specific orders will be found in the Notice of Motion Ruling, which will be issued after Respondent files its affidavits no later than February 6, 2025.

Best,


**Bridget E. Wallis**

**Attorney Advisor to ALJ John M. Herke**

Office of Administrative Law Judges

U.S. Department of Labor

[Quoted text hidden]

# 5CPFR- EXHIBIT: 6

**U.S. Department of Labor**    Administrative Review Board
200 Constitution Ave. NW
Washington, DC 20210-0001



IN THE MATTER OF:

LORENZO LEWIS,                      ARB CASE NOS. 2025-0037
                                                 2025-0039
   COMPLAINANT,                                  2025-0051

   v.                               ALJ CASE NO. 2024-STA-00042
                                    ALJ JOHN M. HERKE
DEEPWELL ENERGY SERVICES,
LLC,                                DATE: April 23, 2025

         RESPONDENT.

Appearances:

*For the Complainant:*
   Lorenzo Lewis; *Pro Se*; Carrollton, Texas

*For the Respondent:*
   Amy Elaine Davis, Esq.; *Law Center of Amy E. Davis LLC*; Dallas,
   Texas

Before JOHNSON, Chief Administrative Appeals Judge, and KAPLAN,
Administrative Appeals Judge

### ORDER OF CONSOLIDATION AND DENYING PETITIONS FOR INTERLOCUTORY REVIEW

PER CURIAM:

   This case arises under the employee protection provisions of the Surface
Transportation Assistance Act of 1982 (STAA or Act) and its implementing
regulations.[1] Complainant filed a complaint with the Occupational Safety and

---

[1]    49 U.S.C. § 31105(a); 29 C.F.R. Part 1978 (2024).

Health Administration (OSHA) contending that Respondent terminated his employment in retaliation for complaining internally about Respondent's alleged failure to comply with Department of Transportation (DOT) and Federal Motor Carrier Safety Act (FMCSA) regulations.[2] OSHA dismissed Complainant's complaint, and Complainant appealed the dismissal to the Office of Administrative Law Judges (OALJ).[3]

On December 15, 2024, Complainant filed a Motion for Summary Decision.[4] Complainant then filed several revisions and supplements to his Motion for Summary Decision in quick succession. On December 17, 2024, Complainant filed a Revised Motion for Summary Decision.[5] On December 19, 2024, Complainant filed a Revised List of Undisputed Material Facts.[6] On December 24, 2024, Complainant filed a Second Revised Motion for Summary Decision with a revised Sworn Affidavit.[7] On January 5, 2024, Complainant filed a Memorandum of Points and Authorities Pursuant to 29 C.F.R. § 18.33(c)(4) with another Revised List of Undisputed Material Facts.[8]

On January 6, 2025, a United States Department of Labor Administrative Law Judge (ALJ) issued a Procedural Order Limiting Further Filings Relative to Complainant's Motion for Summary Decision (Procedural Order). The Procedural Order observed Complainant did not seek leave to amend or supplement his original Motion for Summary Decision, noted the ALJ accepted the new filings, and advised Complainant that he was not permitted to submit any further filings in support of the Motion for Summary Decision.[9]

On January 23, 2025, the ALJ issued a Ruling on Complainant's Motion for Summary Decision (Summary Decision Ruling) denying Complainant's Second

---

[2] Ruling on Complainant's Motion for Summary Decision (Summary Decision Ruling) at 1.

[3] *Id.*

[4] *Id.* at 2.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Procedural Order at 1-2.

Revised Motion for Summary Decision because Complainant failed to establish that there were no genuine issues of disputed fact.[10]

On January 29, 2025, the ALJ held a scheduling conference to set a formal hearing date. At the conference, Complainant orally advised that he would be filing a motion to reconsider the Summary Decision Ruling.[11] The ALJ orally granted Complainant's reconsideration motion but only as to Respondent's asserted reasons for terminating Complainant's employment and directed Respondent to file any affidavits it might consider appropriate.[12] On January 30, 2025, the ALJ received Complainant's Motion for Reconsideration of January 23, 2025-Order to Deny Motion for Summary Decision.[13] Respondent filed Vince Schott's affidavit on February 6, 2025,[14] and on February 10, 2025, Complainant filed a motion for leave to respond to the affidavit and to submit more documents in support of his Motion for Summary Decision.[15]

On February 13, 2025, the ALJ issued an Order Granting Reconsideration Motion memorializing his directives from the January 29, 2025 scheduling conference, noting that Vince Shott's affidavit was timely filed, and ordering the parties to not submit any other filings in support, opposition, or reconsideration of

---

[10]     Summary Decision Ruling at 6.

[11]     Order Granting (Nunc Pro Tunc) Complainant's Motion to Reconsider Denial of Summary Decision (Order Granting Reconsideration Motion) at 1.

[12]     *Id.* at 1-2.

[13]     *Id.* at 2. The parties' references to the filing date of this motion are inconsistent throughout the record, which appears to have caused confusion as to whether the ALJ considered it before issuing the Order Granting Reconsideration Motion. Complainant maintains in his submissions before the Administrative Review Board (ARB or Board) that he filed this motion on January 28, 2025. The Certificate of Delivery attached to the motion also lists January 28, 2025, as the date in which he emailed Respondent's counsel. However, the Certificate of Delivery does not list OALJ as a recipient to this motion. Comparatively, in the record provided by OALJ to the ARB, the CTS Case Events Listing page reflects that this motion was filed with OALJ on January 30, 2025. No other filings were submitted to OALJ by Complainant on January 28 or January 30, 2025. In the Order Granting Reconsideration Motion, the ALJ references and considers a motion for reconsideration filed by Complainant on January 30, 2025. *See id.*

[14]     *Id.*

[15]     Order Denying Motion for Leave to File Additional Summary Decision Materials and Argument (Order Denying Motion for Leave) at 1-2.

Complainant's Motion for Summary Decision.[16] On the same day, the ALJ issued an order denying Complainant's February 10, 2025 motion for leave to submit additional documents in support of his Motion for Summary Decision (Order Denying Motion for Leave).

Approximately one hour after the ALJ issued the Order Denying Motion for Leave, Complainant attempted to file a Sworn Affidavit of Lorenzo Lewis in Support of Submitted Objections & Reply, Pursuant to 29 C.F.R. § 18.72(c).[17] OALJ notified Complainant via email that it did not accept the filing because it was submitted after the Order Denying Motion for Leave.[18] In response, on February 17, 2025, Complainant filed a second motion for reconsideration asking the ALJ to reconsider the Order Denying Motion for Leave.[19] The ALJ issued an Order Denying Complainant's Second Motion for Reconsideration on February 18, 2025.[20]

Complainant moved for the ALJ to certify an interlocutory appeal of the ALJ's Order Denying Motion for Leave and Order Denying Complainant's Second Motion for Reconsideration on February 25, 2025. The ALJ issued an Order Denying Certification of Interlocutory Appeal on February 27, 2025.[21] Complainant then filed a Request for Disqualification and Substitution of Administrative Law Judge John M. Herke Due to His Personal Bias Pursuant to 5 U.S.C. § 556(b)(3), 29 C.F.R. §§ 18.15(a) and 18.16(b) (Request for Disqualification) on March 20, 2025. The ALJ issued a Procedural Notice on March 21, 2025, notifying Complainant that he could not rule on the request while the petitions for interlocutory review were pending before the Board as OALJ no longer had jurisdiction in the matter.[22]

---

[16]     Order Granting Reconsideration Motion at 2.

[17]     Order Denying Complainant's Second Motion for Reconsideration at 2.

[18]     *Id.*

[19]     *Id.*

[20]     In the Order Denying Complainant's Second Motion for Reconsideration, the ALJ cautioned Complainant that any further filing related to the motion for summary decision could subject him to sanctions. *Id.*

[21]     In the Order Denying Certification of Interlocutory Appeal, the ALJ observed that Complainant referred to Vince Schott's affidavit as an "unsworn declaration" because it was not notarized. However, the ALJ determined that the affidavit conformed to the requirements of 28 U.S.C. § 1746 and therefore, had the same effect as a notarized affidavit. Order Denying Certification of Interlocutory Appeal at 2 n.3.

[22]     Procedural Notice at 2.

## FILINGS BEFORE THE ADMINISTRATIVE REVIEW BOARD

On February 24, 2025, Complainant filed a Petition for Review of Administrative Law Judge's Interlocutory Orders Denying Requested Leave to Submit Objections & Reply During Summary Decision Proceedings Pursuant to 29 C.F.R. § 18.72(c) & (h) (Petition for Interlocutory Review I).[23] Then, on March 3, 2025, Complainant filed Complainant's Petition for Review of Administrative Law Judge's Denial of the Request for Issuance of Certificate of Appeal Regarding Interlocutory Orders Issued February 13 and 18, 2025, Pursuant to Fed. R. App. Proc., Rule 5 & 28 U.S.C. 1292(b) (Petition for Interlocutory Review II).

While these petitions were under consideration by the Board, Complainant submitted several other filings, including an appendix for Petition for Interlocutory Review I on March 22, 2025, the ALJ's Order Denying Complainant's Second Motion for Reconsideration on March 24, 2025, a Motion for ARB to Issue a Ruling on the Merits of the Complainant's Motion for Summary Decision Relief and/or Disqualification of Presiding Administrative Law Judge Pursuant to 5 U.S.C. §§ 556(b)(3), 557(b)(2), & 29 C.F.R. § 1978.110(d) (Motion for ARB to Issue a Ruling on the Merits) on March 30, 2025, and a revised version of Petition for Interlocutory Review II (Revised Petition for Interlocutory Review II) along with a corresponding appendix on April 13, 2025.

The Board consolidates the petitions for interlocutory review and dismisses Complainant's petitions for the following reasons.

## JURISDICTION AND STANDARD OF REVIEW

The Board's delegated authority includes the consideration and disposition of interlocutory appeals "in exceptional circumstances, provided such review is not prohibited by statute."[24] The Secretary of Labor and the Board have repeatedly held that "interlocutory appeals are generally disfavored and that there is a strong policy

---

[23]    Complainant filed his Petition for Interlocutory Review I before seeking certification of the interlocutory appeal by the ALJ.

[24]    Secretary's Order No. 01-2020 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board (Secretary's discretionary review of ARB decisions)), 85 Fed. Reg. 13,186, § 5(b)(69) (Mar. 6, 2020).

against piecemeal appeals."[25] When a party seeks interlocutory review of an ALJ's non-final order, the Board has elected to look to the interlocutory review procedures used by federal courts, including providing for review under the collateral order doctrine.[26]

DISCUSSION

## 1. The Collateral Order Doctrine

If a party has failed to obtain ALJ certification under 28 U.S.C. § 1292(b), the Board may still consider reviewing an interlocutory order that meets the "collateral order" exception. The "collateral order" exception applies if the appealed decision belongs to that "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the *whole* case is adjudicated."[27] To fall within the "collateral order" exception, the order appealed must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final

---

[25] *Wyderka v. Energy Transfer*, ARB No. 2025-0033, ALJ No. 2023-PSI-00001, slip op. at 4 n.14 (ARB Feb. 14, 2025) (quoting *Gunther v. Deltek, Inc.*, ARB Nos. 2012-0097, -0099, ALJ No. 2010-SOX-00049, slip op. at 2 (ARB Sept. 11, 2012)). While the Board generally disfavors interlocutory appeals, the Board has accepted review under limited circumstances. *See, e.g.*, *Fagan v. Dep't of Navy*, ARB No. 2023-0006, ALJ No. 2021-CER-00001 (ARB Apr. 6, 2023) (Order Granting Interlocutory Review) (reviewing whether ALJs have subpoena authority in whistleblower and other proceedings with trial-type hearings without express statutory authorization); *Willbanks v. Atlas Air Worldwide Holdings, Inc.*, ARB No. 2014-0050, ALJ No. 2014-AIR-00010 (ARB July 17, 2014) (Order Granting Petition for Interlocutory Review and Establishing Briefing Schedule) (reviewing whether transportation workers were exempt from arbitration requirements of the Federal Arbitration Act*); Mull v. Salisbury Veterans Admin. Med. Ctr.*, ARB No. 2009-0107, ALJ No. 2008-ERA-00008 (ARB Oct. 7, 2009) (Order Granting Motion for Interlocutory Review and Inviting the Associate Solicitor for Occupational Safety and Health to File an Amicus Brief) (reviewing whether Congress waived the federal government's sovereign immunity under the Energy Reorganization Act).

[26] *Gulden v. Exxon Mobil Corp.*, ARB No. 2023-0050, ALJ Nos. 2023-SOX-00021, -00022, slip op. at 4 (ARB Feb. 29, 2024) (citing *Powers v. Pinnacle Airlines, Inc.*, ARB No. 2005-0138, ALJ No. 2005-SOX-00065, slip op. at 5-6 (ARB Oct. 31, 2005)).

[27] *Id.* at 5 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

judgment.[28] Even if the order meets the exception's requirements, the Board's decision to accept the petition remains discretionary.[29]

## 2. Petition for Interlocutory Review I

In Petition for Interlocutory Review I, Complainant asks the Board to review the ALJ's Order Denying Motion for Leave and Order Denying Complainant's Second Motion for Reconsideration. Complainant argues that review is warranted under the collateral order exception because: (1) the ALJ's orders have "operated to work an injury ancillary to and independent from the merits of" Complainant's motion for summary decision; (2) Complainant's procedural rights cannot be effectively vindicated on appeal; and (3) Complainant possesses a vital interest in exercising these procedural rights to have evidence excluded before the ALJ considers it in arriving at a decision on the merits of the motion for summary decision.[30]

We disagree. Complainant has not demonstrated that the ALJ's orders would be "effectively unreviewable" upon appeal of a final judgment. "To be effectively unreviewable, the right sought to be protected by the interlocutory appeal must be, for all practical and legal purposes, destroyed if it were not vindicated prior to final judgment."[31] Instead, Complainant's Petition for Interlocutory Review I questions various discretionary and procedural rulings by the ALJ, which are inappropriate for interlocutory review and readily subject to review upon appeal of an ALJ's final order.[32] Accordingly, Complainant's Petition for Interlocutory Review I is **DENIED**.

---

[28]  *Mitchell v. Manning Trucking, Inc.*, ARB No. 2025-0010, ALJ No. 2024-STA-00020, slip op. at 4 (ARB Dec. 17, 2024) (citing *Kossen v. Asia Pac. Airlines*, ARB No. 2023-0041, ALJ No. 2023-AIR-00001, slip op. at 3 (ARB Aug. 22, 2023)).

[29]  Secretary's Order No. 01-2020, § 5(b)(69).

[30]  Petition for Interlocutory Review I at 20-21.

[31]  *Priddle v. United Airlines, Inc.*, ARB No. 2021-0064, ALJ No. 2020-AIR-00013, slip op. at 8 (ARB Jan. 26, 2022) (internal quotation and citation omitted). The Board has also noted that "[a]s long as the rights at issue 'can be adequately vindicated by other means, the chance that the litigation at hand might be speeded, or a particular injustice averted, does not provide a basis for' immediate appellate review of an interlocutory order." *Priddle v. United Airlines, Inc.*, ARB No. 2022-0006, ALJ No. 2020-AIR-00013, slip op. 5-6 (ARB Mar. 21, 2022) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009)).

[32]  *See Sharma v. Amazon Web Servs., Inc.*, ARB No. 2023-0017, ALJ No. 2020-LCA-00006, slip op. at 2-3 (ARB Jan. 26, 2023) (dismissing interlocutory review of ALJ's evidentiary rulings); *Barr v. CTL Transp., LLC*, ARB No. 2018-0034, ALJ No. 2014-STA-

### 3. Revised Petition for Interlocutory Review II

In Revised Petition for Interlocutory Review II, Complainant asks the Board to review the ALJ's Order Denying Certification of Interlocutory Appeal.[33] Complainant contends that the ALJ erred in denying certification of the interlocutory appeal because review of the ALJ's Order Denying Motion for Leave and Order Denying Complainant's Second Motion for Reconsideration is warranted under 28 U.S.C. § 1292(b) as the issues presented involve controlling questions of law, the ALJ's orders are conclusive as to which there are substantial grounds for differences of opinion, and interlocutory review would materially advance the ultimate termination of litigation.[34]

Again, we disagree. As previously discussed, if a party has failed to obtain ALJ certification, the Board may still consider reviewing an interlocutory order that meets the collateral order exception. Complainant's Revised Petition for Interlocutory Review II does not address how the ALJ's Order Denying Certification of Interlocutory Appeal meets the collateral order exception, and even if it did, Complainant has not previously demonstrated that the ALJ's orders requested to be reviewed are "effectively unreviewable" upon appeal of a final judgment. Accordingly, Complainant's Revised Petition for Interlocutory Review II is **DENIED.**

### 4. Motion for ARB to Issue a Ruling on the Merits

As a preliminary matter, the Board considers and interprets this filing as a separate petition for interlocutory review because the Board does not have jurisdiction to consider or rule on the requested relief as it has not accepted the other petitions for interlocutory review prior to or after this filing.[35] Upon review of

---

00022, slip op. at 2 (ARB Apr. 1, 2019) (dismissing interlocutory review of ALJ's discretionary and procedural rulings).

[33]    Revised Petition for Interlocutory Review II at 17.

[34]    *Id.* at 19.

[35]    *See* Secretary's Order No. 01-2020, § 5(b). Petition for Interlocutory Review I was assigned ARB Case Number 2025-0037. Petition for Interlocutory Review II was assigned ARB Case Number 2025-0039. The ARB hereby assigns Complainant's Motion for ARB to Issue a Ruling on the Merits ARB Case Number 2025-0051, and consolidates it with ARB Case Numbers 2025-0037 and -0039.

the Motion for ARB to Issue a Ruling on the Merits, in the context of a petition for interlocutory review, the Board declines to accept the case for review.

First, as to Complainant's request to disqualify the presiding ALJ pursuant to 5 U.S.C. § 556(b)(3) and 29 C.F.R. § 1978.110(d), Complainant avers that the record evidence demonstrates that the ALJ's orders prejudiced Complainant's procedural rights, which evinces the ALJ's personal bias.[36] Before the ALJ, Complainant made a similar motion, and the ALJ issued a Procedural Notice deferring to rule on the motion as Complainant's other petitions for interlocutory appeal were pending before the Board.[37] The Motion for ARB to Issue a Ruling on the Merits does not address how the Procedural Notice falls within the collateral order exception. Even if it addressed the exception, or alternatively, had the ALJ denied the request to recuse, the Board has previously denied a petition for interlocutory appeal requesting review of an order denying a motion to recuse because the issue raised may be effectively reviewed on appeal from a final judgment.[38]

Second, as to Complainant's alternative request to issue a ruling on the merits of Complainant's Motion for Summary Decision, Complainant contends that the Board has the plenary power to exercise its oversight authority to issue a ruling on his "pending" motion for reconsideration of the ALJ's Summary Decision Ruling.[39] In support, Complainant cites to the Administrative Procedure Act and *Walia v. The Veritas Healthcare Sols. LLC*.[40] This argument is unpersuasive. As previously discussed in footnote 13, the record reflects that Complainant's alleged "pending motion for reconsideration" was received by OALJ on January 30, 2025, and the ALJ considered the motion in the Order Granting Reconsideration Motion on February 13, 2025. Because there is no pending motion for reconsideration before the ALJ, the Board examines this motion as a petition for interlocutory appeal of the Order Granting Reconsideration Motion.

---

[36] Motion for ARB to Issue a Ruling on the Merits at 5-6, 8, 13-15, 20-22.

[37] Procedural Notice at 2.

[38] *Mitchell*, ARB No. 2025-0010, slip op. at 4-5 (citing *Thompson v. Comm'r of Internal Revenue*, 742 F. App'x 316, 317 (9th Cir. 2018)).

[39] Motion for ARB to Issue a Ruling on the Merits at 22-24.

[40] *Walia v. The Veritas Healthcare Sols. LLC*, ARB No. 2014-0002, ALJ No. 2013-LCA-00005, slip op. at 4 (ARB Feb. 27, 2015).

Complainant's petition for interlocutory appeal of the Order Granting Reconsideration Motion does not meet the collateral order exception's second prong, to resolve an important issue completely separate from the merits of the action. Complainant's petition essentially requests the Board to issue an order granting a motion for reconsideration of the ALJ's Summary Decision Ruling, which would resolve the merits of the action.[41]

Moreover, even if Complainant's motion for reconsideration was still pending, the Board does not have the authority to rule on a pending motion before OALJ. While Complainant correctly identified the standard of review the Board employed in *Walia*, the present case is distinguishable from *Walia*. In *Walia*, the Board employed its power to review an ALJ's Order dismissing a case,[42] a final order by an ALJ, as compared to the present case in which Complainant seeks the Board to issue a ruling on behalf of an ALJ. The Board's authority is limited to reviewing decisions and interlocutory rulings.[43] In such a scenario as described in this paragraph, there is no interlocutory ruling to review because the motion would be still pending before the ALJ. Accordingly, the Motion for ARB to Issue a Ruling on the Merits for is **DENIED**.

## 5. Standards of Conduct by the Parties

The Board also takes this opportunity to address the parties' conduct during the proceedings below. The Rules of Practice and Procedure for Administrative Hearings Before the Office of Administrative Law Judges (OALJ Rules of Practice and Procedure) are designed to "secure the just, speedy, and inexpensive determination of every proceeding."[44] These OALJ Rules of Practice and Procedure include provisions to ensure that parties "act in a manner that furthers the efficient, fair and orderly conduct of the proceeding."[45] Upon review of the record, both parties appear to have engaged in dilatory and contemptuous behavior that

---

[41] "The case record is clear and unambiguous to allow the ARB to issue a decision on the merits in this matter[.]" Motion for ARB to Issue a Ruling on the Merits at 23.

[42] *Walia*, ARB No. 2014-0002, slip op. at 2.

[43] *See* Secretary's Order No. 01-2020, § 5(b).

[44] 29 C.F.R. § 18.10(a).

[45] *Id.* § 18.22(c); *see also id.* §§ 18.22(d), 18.87(a)-(b).

has interfered with the judicial process.[46] The parties are directed to comply with the OALJ Rules of Practice and Procedure upon the resumption of the proceedings below. The parties have been warned that they are expected to follow the rules and act in a manner that furthers the efficient, fair and orderly conduct of the proceeding.[47] Failure to comply with the OALJ Rules of Practice and Procedure may result in sanctions, at the discretion of the ALJ.

**SO ORDERED.**

**RANDEL K. JOHNSON**
**Chief Administrative Appeals Judge**

**ELLIOT M. KAPLAN**
**Administrative Appeals Judge**

---

[46] For example, Complainant defied the ALJ's orders directing the parties to not submit any other filings in support, opposition, or reconsideration of Complainant's Motion for Summary Decision. Conversely, it appears that Respondent engaged in questionable discovery practices, including but not limited to, allegedly failing to disclose a material witness. We recognize that Complainant is *pro se* and is "afforded certain latitudes;" however, he is not excused from the rules of practice and procedure applicable to the proceedings merely because of his *pro se* status. *Jeanty v. Lily Transp. Corp.*, ARB No. 2019-0005, ALJ No. 2018-STA-00013, slip op. at 12 (ARB May 13, 2020).

[47] It is not uncommon for courts to admonish parties for their behavior. *Klayman v. City Pages*, 650 F. App'x. 744, 749 (11th Cir. May 27, 2016) (citation omitted); *see J.D. v. Nagin*, Civ. No. 07-9755, 2009 WL 363456, at *5 (E.D. La. Feb. 11, 2009) (admonishing party for its "seeming attempts to circumvent" judge's rulings).

# CERTIFICATE OF SERVICE

ARB-2025-0037 LORENZO LEWIS v. Deepwell Energy Services, LLC (Case No: 2024-STA-00042)

ARB-2025-0039 LORENZO LEWIS v. Deepwell Energy Services, LLC (Case No: 2024-STA-00042)

ARB-2025-0051 LORENZO LEWIS v. Deepwell Energy Services, LLC (Case No: 2024-STA-00042)

I certify that the parties below were served this day.

_Young Joo Ch_

___04/23/2025___
(DATE)

Young Joo "Kristen" Chung, Esq.
Clerk of the Appellate Boards

Amy Elaine Davis
1201 N Bishop Ave.
Dallas, TX 75208
--Electronic

LORENZO LEWIS
2584 Fountain Cove
Carrollton, TX 75006
--Electronic

Hon. Stephen R. Henley
Chief Administrative Law Judge
Office of the Administrative Law Judges
800 K Street, N.W., Suite 400
Washington, DC 20001-8002

Assistant Secretary, Occupational Safety and Health
Administration (OSHA)
U.S. Department of Labor
200 Constitution Ave, NW
Room: S-2315
Washington, DC 20210
--Electronic

Mark Lerner
U.S. Deptartment of Labor/OSHA
200 Constitution Avenue
S-4004
Washington, DC 20210
--Electronic

U.S. Department of Labor, Office of Administrative
Law Judges
200 Constitution Avenue, N.W.
Room S-4325
Washington, DC 20210
--Electronic

# 5CPFR- EXHIBIT: 7



IN THE MATTER OF:

**LORENZO LEWIS,**                    ARB CASE NOS. 2025-0037
                                                            2025-0039
        **COMPLAINANT,**                    2025-0051

        v.                              ALJ CASE NO. 2024-STA-00042
                                        ALJ JOHN M. HERKE
**DEEPWELL ENERGY SERVICES,**
**LLC,**                                DATE:  June 20, 2025

            **RESPONDENT.**

**Appearances:**

*For the Complainant:*
    Lorenzo Lewis; *Pro Se*; Carrollton, Texas

*For the Respondent:*
    Amy Elaine Davis, Esq.; *Law Center of Amy E. Davis LLC*; Dallas,
    Texas

**Before JOHNSON, Chief Administrative Appeals Judge, and KAPLAN,**
**Administrative Appeals Judge**

### ORDER DENYING RECONSIDERATION

This case arises under the employee protection provisions of the Surface
Transportation Assistance Act of 1982 (STAA or Act) and its implementing
regulations.[1] Complainant filed a complaint with the Occupational Safety and
Health Administration (OSHA) contending that Respondent terminated his
employment in retaliation for complaining internally about Respondent's alleged
failure to comply with Department of Transportation (DOT) and Federal Motor

---

[1]     49 U.S.C. § 31105(a); 29 C.F.R. Part 1978 (2024).

Carrier Safety Act (FMCSA) regulations.[2] OSHA dismissed Complainant's complaint, and Complainant appealed the dismissal to the Office of Administrative Law Judges (OALJ).[3]

On December 15, 2024, Complainant filed a Motion for Summary Decision.[4] Complainant then filed several revisions and supplements to his Motion for Summary Decision.[5] On January 23, 2025, the ALJ issued a Ruling on Complainant's Motion for Summary Decision (Summary Decision Ruling) denying Complainant's Second Revised Motion for Summary Decision because Complainant failed to establish that there were no genuine issues of disputed fact.[6]

Following the ALJ's Summary Decision Ruling, Complainant submitted several motions and documents to the ALJ, including: (1) a motion for reconsideration of the Summary Decision Ruling;[7] (2) a motion for leave to respond to the affidavit and to submit more documents in support of his Motion for Summary Decision;[8] (3) a Sworn Affidavit of Lorenzo Lewis in Support of Submitted Objections & Reply, Pursuant to 29 C.F.R. § 18.72(c);[9] (4) a second motion for

---

[2] Ruling on Complainant's Motion for Summary Decision (Summary Decision Ruling) at 1.

[3] *Id.*

[4] *Id.* at 2.

[5] Complainant filed the following revisions and supplements: (1) a Revised Motion for Summary Decision on December 17, 2024; (2) a Revised List of Undisputed Material Facts on December 19, 2024; (3) a Second Revised Motion for Summary Decision with a revised Sworn Affidavit on December 24, 2024; and (4) a Memorandum of Points and Authorities Pursuant to 29 C.F.R. § 18.33(c)(4) with another Revised List of Undisputed Material Facts on January 5, 2024.

[6] Summary Decision Ruling at 6.

[7] The ALJ granted Complainant's reconsideration motion but only as to Respondent's asserted reasons for terminating Complainant's employment and directed Respondent to file any affidavits it might consider appropriate. Order Granting (Nunc Pro Tunc) Complainant's Motion to Reconsider Denial of Summary Decision (Order Granting Reconsideration Motion) at 1-2.

[8] The ALJ denied Complainant's motion. Order Denying Motion for Leave to File Additional Summary Decision Materials and Argument (Order Denying Motion for Leave) at 1-2.

[9] Complainant attempted to file this submission approximately one hour after the ALJ issued the Order Denying Motion for Leave. Consequently, OALJ notified Complainant

reconsideration asking the ALJ to reconsider the Order Denying Motion for Leave;[10] (5) a motion for the ALJ to certify an interlocutory appeal of the ALJ's Order Denying Motion for Leave and Order Denying Complainant's Second Motion for Reconsideration;[11] and (6) a Request for Disqualification and Substitution of Administrative Law Judge John M. Herke Due to His Personal Bias Pursuant to 5 U.S.C. § 556(b)(3), 29 C.F.R. §§ 18.15(a) and 18.16(b).[12]

Yet, before moving to certify the interlocutory appeal of the Order Denying Motion for Leave and Order Denying Complainant's Second Motion for Reconsideration with the ALJ, Complainant filed his first petition for interlocutory review with the Board.[13] After the ALJ denied Complainant's certification request, Complainant filed his second petition for interlocutory review with the Board.[14] While these petitions for interlocutory review were under consideration by the Board, Complainant submitted other filings[15] and a Motion for ARB to Issue a Ruling on the Merits of the Complainant's Motion for Summary Decision Relief

via email that it did not accept the filing. Order Denying Complainant's Second Motion for Reconsideration at 2.

[10]     The ALJ denied Complainant's second motion for reconsideration and cautioned Complainant that any further filing related to the motion for summary decision could subject him to sanctions. *Id.*

[11]     The ALJ denied certification and observed that Complainant referred to Vince Schott's affidavit as an "unsworn declaration" because it was not notarized. However, the ALJ determined that the affidavit conformed to the requirements of 28 U.S.C. § 1746 and therefore, had the same effect as a notarized affidavit. Order Denying Certification of Interlocutory Appeal at 2 n.3.

[12]     The ALJ issued a Procedural Notice notifying Complainant that he could not rule on the request while the petitions for interlocutory review were pending before the Board as OALJ no longer had jurisdiction in the matter. Procedural Notice at 2.

[13]     The full title of Complainant's petition for interlocutory review is "Petition for Review of Administrative Law Judge's Interlocutory Orders Denying Requested Leave to Submit Objections & Reply During Summary Decision Proceedings Pursuant to 29 C.F.R. § 18.72(c) & (h)" (Petition for Interlocutory Review I).

14     The full title of Complainant's revised second petition for interlocutory review is "Complainant's Petition for Review of Administrative Law Judge's Denial of the Request for Issuance of Certificate of Appeal Regarding Interlocutory Orders Issued February 13 and 18, 2025, Pursuant to Fed. R. App. Proc., Rule 5 & 28 U.S.C. 1292(b)" (Revised Petition for Interlocutory Review II).

[15]     Complainant filed: (1) an appendix for Petition for Interlocutory Review I; (2) the ALJ's Order Denying Complainant's Second Motion for Reconsideration; and (3) a revised version of Petition for Interlocutory Review II along with a corresponding appendix.

and/or Disqualification of Presiding Administrative Law Judge Pursuant to 5 U.S.C. §§ 556(b)(3), 557(b)(2), & 29 C.F.R. § 1978.110(d) (Motion for ARB to Issue a Ruling on the Merits), which the Board interpreted as his third petition for interlocutory review.[16]

The Board consolidated Complainant's petitions for interlocutory review and dismissed the petitions.[17] On May 19, 2025, Complainant filed a motion for reconsideration of the Board's Order of Consolidation and Denying Petitions for Interlocutory Review.[18] For the following reasons, we deny Complainant's motion.

The Board will reconsider a decision and order only under limited circumstances.[19] In considering whether to reconsider a decision, the Board considers whether the movant has demonstrated: (i) material differences in fact or law from those presented to the Board of which the moving party could not have known through reasonable diligence, (ii) new material facts that occurred after the Board's decision, (iii) a change in the law after the Board's decision, or (iv) failure to consider material facts presented to the Board before its decision.[20]

---

[16]     Order of Consolidation and Denying Petitions for Interlocutory Review at 8-9.

[17]     *Id.* at 7-10.

[18]     The full title of Complainant's motion for reconsideration is "Petitioner's Motion for Reconsideration with Suggestion for Reconsideration En Banc, Pursuant to Fed. R. App. Proc., Rule 40 & 29 C.F.R. § 1978.110" (ARB Motion for Reconsideration). Complainant moves for reconsideration with the suggestion of an en banc review, pursuant to Rule 40 of the Federal Rules of Appellate Procedure and 29 C.F.R. § 1978.110. ARB Motion for Reconsideration at 17-18. The Board has previously noted that moving for reconsideration is analogous to petitioning for panel rehearing under Rule 40; however, while doing so, the Board developed a four-part test to determine whether the movant has demonstrated sufficient grounds warranting reconsideration. *See Wolslagel v. City of Kingman*, ARB No. 2011-0079, ALJ No. 2009-SDW-00007, slip op. at 2 n.2 (ARB June 24, 2013) (acknowledging Rule 40 but applying four-part test); *see also OFCCP v. Fla. Hosp. of Orlando*, ARB No. 2011-0011, ALJ No. 2009-OFC-00002, slip op. at 5 (ARB July 22, 2013) (Order Granting Motion for Reconsideration and Vacating Final Decision and Order Issued October 19, 2012) (stating that Rule 40 "is a more general and lenient standard than the ARB's four-part test."). Complainant has not demonstrated sufficient grounds warranting reconsideration or an en banc review under the ARB's four-part test.

[19]     *Thomas v. DuPont Specialty Prods., LLC*, ARB No. 2023-0055, ALJ No. 2023-WPC-00004, slip op. at 2 (ARB Mar. 11, 2025) (Order Denying Reconsideration) (citing *Shah v. Albert Fried & Co.*, ARB No. 2020-0063, ALJ No. 2019-SOX-00015, slip op. at 2 (ARB Jan. 31, 2023) (Order Denying Second Motion for Reconsideration)).

[20]     *Id.* (citing *Clark v. Hamilton Hauling, LLC*, ARB No. 2020-0063, ALJ No. 2019-SOX-00015, slip op. at 2 (ARB July 24, 2014) (Order Denying Motion for Panel Reconsideration)).

Complainant argues that the Board failed to consider material facts present to the Board before its decision.[21] Specifically, Complainant avers that the Board overlooked its precedent in *McCurry v. Kenco Logistics Servs., LLC*,[22] and that the collateral order exception applies to this matter.[23]

The Board did not overlook *McCurry*, and assuming arguendo that the Board erred by not acknowledging *McCurry* in the Order of Consolidation and Denying Interlocutory Review,[24] such error was harmless as Complainant failed to clear his initial procedural hurdle for the Board to accept and consider a petition for interlocutory appeal—to obtain ALJ certification under 28 U.S.C. § 1292(b) or prove that the ALJ's orders met the "collateral order" exception.[25] On reconsideration, Complainant claims that the ALJ's orders met the collateral order exception by simply repeating the same arguments he originally raised in the three petitions for interlocutory review that the Board considered and rejected.[26] We will not address them again on reconsideration.[27]

---

[21] ARB Motion for Reconsideration at 19.

[22] *McCurry v. Keneco Logistic Servs., LLC*, ARB No. 2021-0009, ALJ No. 2019-FDA-00015 (ARB Apr. 30, 2021).

[23] ARB Motion for Reconsideration at 4, 19-21.

[24] Essentially, Complainant contends that the holding in *McCurry* provides litigants procedural safeguards and rights under 29 C.F.R. § 18.72, and the decision by the ALJ to deny Complainant leave to submit affidavits pursuant to 29 C.F.R. § 18.72(c) and (h) deprived him of "the right to have the Labor Department's proceedings truncated through [summary decision]." ARB Motion for Reconsideration at 4; *see* Revised Petition for Interlocutory Review II at 18-20. A "right to have proceedings truncated" is not a basis for immediate appellate review of an interlocutory order. *See* Order of Consolidation and Denying Petitions for Interlocutory Review at 7 n.31. Upon resumption of the proceedings below, Complainant will have a fair opportunity to be heard, address his concerns pertaining to Respondent's affidavit, and present his respective case by submitting evidence, rebuttal evidence, and cross-examining witnesses at a full hearing on the merits.

[25] To fall within the "collateral order" exception, the order appealed must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Mitchell v. Manning Trucking, Inc.*, ARB No. 2025-0010, ALJ No. 2024-STA-00020, slip op. at 4 (ARB Dec. 17, 2024) (citing *Kossen v. Asia Pac. Airlines*, ARB No. 2023-0041, ALJ No. 2023-AIR-00001, slip op. at 3 (ARB Aug. 22, 2023)).

[26] Order of Consolidation and Denying Petitions for Interlocutory Review at 7-10.

[27] *Thomas*, ARB No. ARB No. 2023-0055, slip op. at 2 (citations omitted).

Moreover, as noted in the Order of Consolidation and Denying Petitions for Interlocutory Review, even if an order met the collateral order exception, the Board's decision to accept a petition for interlocutory review remains discretionary.[28]

Accordingly, the Board **DENIES** Complainant's Motion for Reconsideration.

**SO ORDERED.**

**RANDEL K. JOHNSON**
**Chief Administrative Appeals Judge**

**ELLIOT M. KAPLAN**
**Administrative Appeals Judge**

---

[28] Order of Consolidation and Denying Petitions for Interlocutory Review at 7; Secretary's Order No. 01-2020 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board (Secretary's discretionary review of ARB decisions)), 85 Fed. Reg. 13,186, § 5(b)(69) (Mar. 6, 2020).

# CERTIFICATE OF SERVICE

ARB-2025-0037 LORENZO LEWIS v. Deepwell Energy Services, LLC (Case No: 2024-STA-00042)

ARB-2025-0039 LORENZO LEWIS v. Deepwell Energy Services, LLC (Case No: 2024-STA-00042)

ARB-2025-0051 LORENZO LEWIS v. Deepwell Energy Services, LLC (Case No: 2024-STA-00042)

I certify that the parties below were served this day.

_Young Joo Ch_

_06/20/2025_
(DATE)

Young Joo "Kristen" Chung, Esq.
Clerk of the Appellate Boards

Amy Elaine Davis
1201 N Bishop Ave.
Dallas, TX 75208
--Electronic

LORENZO LEWIS
2584 Fountain Cove
Carrollton, TX 75006
--Electronic

Assistant Secretary, Occupational Safety and Health
Administration (OSHA)
U.S. Department of Labor
200 Constitution Ave, NW
Room: S-2315
Washington, DC 20210
--Electronic

Mark Lerner
U.S. Deptartment of Labor/OSHA
200 Constitution Avenue
S-4004
Washington, DC 20210
--Electronic

U.S. Department of Labor, Office of Administrative
Law Judges
200 Constitution Avenue, N.W.
Room S-4325
Washington, DC 20210
--Electronic

# 5CPFR- EXHIBIT: 8

**U.S. DEPARTMENT OF LABOR**

Occupational Safety and Health Administration
525 S. Griffin Street, Room 602
Dallas, TX 75202
Tel: (972) 850-4158
www.whistleblowers.gov



**VIA EMAIL: lorenzolewis1967@gmail.com**

January 19, 2024

Lorenzo Lewis
2584 Fountain Cove
Carrollton, Texas 75006

Re: Deepwell Energy Services, LLC. /Lewis/301021228

Dear Mr. Lewis:

This is to advise you that we have completed our investigation of the above-referenced complaint filed by you (Complainant) against Deepwell Energy Services, LLC (Respondent) on August 10, 2023, under Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105. In brief, you alleged Respondent discharged you for reporting being forced to haul explosives in the sleeper compartment of a truck, drivers not performing Pre-Trip, En- Route, and Post Trip Inspections, not receiving mandated rest, and worn tires..

Following an investigation by a duly-authorized investigator, the Secretary of Labor, acting through his agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), Region VI, finds that there is no reasonable cause to believe that Respondent violated [abbreviated name of statute] and issues the following findings:

<b>Secretary's Findings</b>

*Timeliness of complaint*

On July 11, 2023 , Complainant was discharged. On August 10, 2023, Complainant filed a complaint with the Secretary of Labor alleging Respondent retaliated against them in violation of STAA. As this complaint was filed within 180 days of the alleged adverse action, it is timely.

*Coverage*

Respondent is a person within the meaning of 1 U.S.C. § 1 and Respondent is also a commercial motor carrier within the meaning of 49 U.S.C. § 31101. Respondent is engaged in transporting products on the highways via commercial motor vehicle, that is, a vehicle with a gross vehicle weight rating of 10,001 pounds used in transporting hazardous material in a quantity requiring placarding.

Complainant is an employee within the meaning of 49 U.S.C. § 31101. In the course of his employment, Complainant directly affected commercial motor vehicle safety, in that he did drive Respondent's trucks over highways in commerce to explosives.

### *Findings of the investigation:*

Complainant engaged in a protected activity when he reported on June 20, 2023, to William Raley, via text, that truck# 363090 pulled to the left. The truck was removed from service and repaired at Southern Tire Mart the same day.

Complainant engaged in a protected activity when he reported on July 5, 2023, via text, that truck# 363090 "sits at 7 o'clock/1 o'clock and pulls to the left". The truck was removed from service and repaired at Southern Tire Mart the same day.

Complainant was provided a hotel room at the Days Inn Sutton, West Virginia, and stayed there from July 8, 2023, until July 10, 2023. On July 11, 2023, at 3:09 pm Complainant reported to Mr. Raley that another driver was a reckless driver, Complainant did not receive mandated rest, and the tires on truck#363090 were worn and needed replacement. Complainant made this safety complaint *after* his employment had been terminated.

The available evidence indicates that complainant's protected activity was not a contributing factor in his termination. Respondent had a legitimate and non-retaliatory reason for terminating Complainant's employment due to him failing a driving test twice and reporting to work late.

Therefore, OSHA does not have reasonable cause to believe a violation of Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105 occurred. Consequently, this complaint is dismissed.

Complainant has 30 days from the receipt of these findings to file objections and to request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these findings will become final and not subject to court review. Objections must be filed in writing with the Office of Administrative Law Judges:

> Primary method - via email to: OALJ-Filings@dol.gov
> Secondary method (if unable to file via email) - via hard copy submission to:
> Chief Administrative Law Judge - Office of Administrative Law Judges
> U.S. Department of Labor
> 800 K Street NW, Suite 400 North
> Washington, D.C. 20001-8002
> Telephone: (202) 693-7300; Fax: (202) 693-7365

With copies to:

> Primary method - via email to:R6.11c.OSHA@dol.gov
> Secondary method (if unable to file via email) - via hard copy submission to:
> Regional Administrator
> U.S. Department of Labor-OSHA
> 525 S. Griffin Street, Room 602
> Dallas, TX 75202

And:

All parties to this complaint

In addition, please be advised that the U.S. Department of Labor generally does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an Administrative Law Judge (ALJ) in which the parties are allowed an opportunity to present their evidence de novo for the record. The ALJ who conducts the hearing will issue a decision based on the evidence, arguments, and testimony presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board, to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under the STAA. A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint. The rules and procedures for the handling of STAA cases can be found in Title 29, Code of Federal Regulations Part 1978 and may be obtained at www.whistleblowers.gov.

Sincerely,

Michael Mabee
Assistant Regional Administrator - Whistleblower Protection Program

cc:    Chief Administrative Law Judge, USDOL
USDOT PHSMA, East Bldg, 2nd Floor, MS E26-105, 1200 New Jersey Ave., SE, Washington, DC 20590

Law Center of Amy E. Davis, LLC 1021 North Bishop Avenue Dallas, Texas 75208
adavis@cdfirm.com